# Southern Railway Co. *v.* Posey.

## *Action for Injury from Negligence.*

1. *Railroad company must maintain crossing in good condition.* The owner of a railroad operating it across a public road is under the legal duty to maintain the crossing in a condition reasonably safe and convenient for use by those traveling the public road.

2. *Evidence of prior conditions of a crossing admissible.*—In a suit against a railroad company for damages for an injury caused by a train of the company at a point where the railroad crossed the public road, it was competent to prove, as tending to show that an unsafe condition of the crossing existed at the time of the accident, that the same condition had caused other accidents or difficulty; and for that purpose the experience of a witness with the same conditions at the crossing about three weeks before the accident in question was admissible in evidence.

3. *Evidence; incompetency of how removed.*—The *prima facie* incompetency of evidence at the time of its admission because of the failure to prove some fact necessary to its competency, may be removed by a subsequent examination of the witness touching the fact in question.

4. *Harmless error; what is.*—Where the question of the condition of a railroad crossing where an accident occurred was an issue in a suit for damages, and on personal view by the judge trying the case, had at the request of the parties, it was ascertained beyond dispute that the place in question was on a part of the public road, and that the conclusion followed that the condition constituted a defect in the crossing, the admission of the affirmation of a witness of the same conclusion was a harmless error.

5. *Opinion of witness on matter of law; harmless.*—The statement of a witness to the effect that it was not his duty as road overseer to fix a certain railroad crossing, was an expression of his opinion as to a matter of law, which it is presumed the court knew and applied correctly.

6. *Negligence; what is not.*—Where the driver of a wagon was not apprised of the condition of a crossing as being worse at one part than at another, and did not in the prevailing darkness see a particular defect which caused the injury complained

of, he had the right to assume that the public road was in proper condition throughout its entire width, and his deflection within the road from its usually traveled part cannot be held as negligence.

6. *Findings of fact by court; not disturbed.*—Findings of fact by a trial court without a jury upon conflicting testimony of witnesses examined in his presence will not be reversed unless clearly wrong.

APPEAL from Birmingham City Court.

Tried before Hon. W. W. WILKERSON.

A. C. Posey brought this suit against the appellant company to recover damages for injury resulting from defects in a crossing. The evidence showed that about 8 o'clock at night as the driver of a two horse wagon, the property of plaintiff, was driving across a crossing of the defendant's railroad, the wheel of the wagon was caught in the guard rail of the track and so held that the driver could not loosen it. That this condition was brought about by reason of a hole in the crossing caused by the wearing away of the plank which abutted against the end of the guard rail and constituted a part of the crossing. That this was a serious defect was not disputed. It was shown, however, that it was at one side of the crossing, and could do no injury to one going directly across in the usual traveled portion of the dirt road. The public road at that point was a first-class road, thirty-feet in width. Judgment for plaintiff.

SMITH & WEATHERLY, for appellant.

J. W. BUSH, *contra*.

SHARPE, J.—The owner of a railroad operating it across a public road is under the legal duty to maintain the crossing in a condition reasonably safe and convenient for use by those traveling the public road.—*Pratt Coal & Iron Co. v. Davis*, 79 Ala. 308; *S. & N. R. R. Co. v. McLendon*, 63 Ala. 266; 9 Am. & Eng. Ency. Law, 491.

The first and third counts of the complaint as amended each shows a cause of action for a breach of that duty. The second count declares upon a breach of the statutory duty of the defendant to sound the whistle

or bell of its train at short intervals when approaching the public road crossing. So far as they are assailed by the demurrers the averments of each count are sufficient.

As tending to show that an unsafe condition of the crossing existed at the time of the accident, it was competent to prove that the same condition had caused other accidents or difficulty, and for that purpose Robuck's experience with the same projection of the guard rail about three weeks before the accident in question as testified to by him was admissible in evidence.—*Birmingham Union R'y Co. v. Alexander*, 93 Ala. 133; *Mayor and Aldermen of Birmingham v. Starr*, 112 Ala. 98; *Phelps v. Winona & St. P. R. Co.*, 32 Am. & Eng. R. R. Cases, 56. If the time of the happening to Robuck was not fixed before the evidence of the occurrence was admitted, such *prima facie* incompetency was removed by the subsequent examination of the witness.

It appears from the proof that there was a hole or space left between the ends of two rails, one being an iron guard rail and the other of timber both laid along and near to the track rail which was several inches above the bottom of the hole so that wheels crossing the track diagonally as the road ran could be slided and hitched against the end of the iron rail. The bill of exceptions shows that on personal view by the judge had at request of the parties the place in question was on part of the public road. The condition being thus ascertained beyond dispute, the conclusion necessarily followed that it constituted a defect. Therefore the admission of Robuck's affirmation as a witness of the same conclusion, was harmless error.—*First National Bank v. Chaffin*, 118 Ala. 246.

Robuck's statement to effect that it was not his duty as road overseer to fix the crossing appears as an expression of his opinion as to a matter of law which it is presumed the court knew and applied correctly.

It does not appear that the driver of the wagon was apprised of the condition of the crossing, or that in the prevailing darkness he could have seen the particular defect which caused the fastening of the wheel. Under the circumstances he had the right to assume that the public road was in proper condition through its entire

[Douglass, Exr. v. City Council of Montgomery.]

width and his deflection within the road, from its usually traveled part, cannot be held as negligent.

Findings of fact by a trial court without a jury upon conflicting testimony of witnesses examined in its presence, will not be reversed unless clearly wrong.—*Woodrow v. Hauving,* 105 Ala. 240; *So. R'y Co. v. Wideman,* 24 So. Rep. (Ala.) 764; *Little v. Smith, Ib.* 427.

Applying this rule, the evidence contained in this record is sufficient to support the judgment under either count of the complaint both as to the right of recovery and the *quantum* of damage.

No reversible error is shown and the judgment will be affirmed.