(75 South. 315)

### GILBERT v. SOUTHERN BELL TELE-PHONE & TELEGRAPH CO.
### (5 Div. 631.)

(Supreme Court of Alabama. April 26, 1917.)

1. TRIAL ⟨⟩296(3)—CURE OF ONE INSTRUC-TION BY ANOTHER.

In an action by driver for injuries to himself and automobile due to collision with a telephone pole along the side of the road, there being evidence to support the hypothesis, an instruction that if plaintiff was running from 35 to 40 miles an hour at time of accident, and had so driven for more than a quarter of a mile, such driving was negligent, was correct as far as it went in view of Gen. Acts 1911, p. 642, § 21, providing that traveling in excess of 30 miles an hour for a distance of a quarter of a mile shall be presumed evidence of traveling at a speed not careful and prudent, and its deficiency was supplied by a subsequent instruction that if plaintiff was driving his car at a rate of speed of more than 30 miles an hour for a distance of one-fourth of a mile before he struck the pole such driving is presumed to be negligent, and if proximately contributing to injury you will find for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 709.]

2. TELEGRAPHS AND TELEPHONES ⟨⟩20(8)—COLLISION WITH POLE—CONTRIBUTORY NEG-LIGENCE.

Instruction that if plaintiff was driving his car at a reckless rate of speed, and such driving proximately contributed to or resulted in plaintiff's striking said pole, then plaintiff cannot recover, was proper.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13.]

3. TELEGRAPHS AND TELEPHONES ⟨⟩20(8) —RIGHT TO USE PUBLIC ROADS—INSTRUCTION.

Where the roadway was smoothed and graveled to a uniform width of 22 feet, an instruction that defendant had a right to maintain its pole at a point along the margin, provided the pole was not at a place where it interfered with the usual customary use of the road by the public, although not universally true, was not erroneous.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13.]

4. TELEGRAPHS AND TELEPHONES ⟨⟩15(3) —RIGHT TO USE OF HIGHWAY—LIMITATIONS.

Code 1907, § 5817, giving telephone companies the right to construct their lines along the margin of the road, does not give the right to intrude poles into that part of road set apart and dedicated to the use of the traveling public.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 9.]

5. TELEGRAPHS AND TELEPHONES ⟨⟩20(5) —INJURIES FROM COLLISION WITH POLE ON HIGHWAY.

In an action by driver for injuries to himself and automobile due to collision with a telephone pole along the side of the road, evidence held insufficient to support a count that injury was wanton or willful.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13.]

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Action by Rudolph Gilbert against the Southern Bell Telephone & Telegraph Company, for injuries to person and property. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint alleges that plaintiff was driving an automobile along the upper Wetumpka road, and that along the side of said road defendant maintained a large pole with wires strung thereon, planted securely in the ground between the outside edge of the road, and on the west side of the center of said road at a point about 4 feet from the outside edge of said road, and that the automobile collided with the pole. The pleas were: Contributory negligence, in that plaintiff was driving said automobile at a reckless and unlawful rate of speed in violation of law, wherefore he suffered the injuries complained of. The following charges were given for defendant:

(1) I charge you that if plaintiff was driving his car from 35 to 40 miles per hour at the time of the accident, and had so driven it more than one-fourth of a mile just next before striking said pole, then said driving was negligence on the part of plaintiff.

(6) If the jury believe from all the evidence in this case that plaintiff was driving his car at a rate of speed of more than 30 miles per hour for a distance of one-fourth of a mile next before he struck the pole, then I charge you that such driving was presumed to be reckless, and if you further believe from the evidence that such reckless driving proximately contributed to plaintiff's striking the pole, then you will find for defendant.

(3) If plaintiff was driving his car at a reckless rate of speed, and such driving proximately contributed to or resulted in plaintiff's striking said pole, then plaintiff cannot recover.

(9) The defendant had a right to maintain its pole at a point along the margin of the road, provided that said pole was not at a place where it interfered with the usual customary use of the road by the public.

(10) Affirmative charge against finding for plaintiff on the second count of the complaint (the wanton count).

Riddle & Riddle, of Talladega, for appellant. Geo. A. Sorrell, of Alexander City, and Steiner, Crum & Weil, of Montgomery, for appellee.

SAYRE, J. Plaintiff (appellant) was injured by the contact of his automobile with a post of defendant's telephone line which was set on the margin of the road. On the trial of the suit which plaintiff brought, issue being joined on plaintiff's complaint and defendant's pleas of contributory negligence, the jury found for the defendant. Such assignments of error as have been urged in the brief filed for appellant are based upon the court's action in giving certain charges requested by defendant.

[1, 2] In the transcript charge 1 reads as follows: "1—Charge you that the plaintiff was driving his car from 35 to 40 miles per hour," etc. Following appellant's brief, we assume that the charge read thus: "I charge you that if the plaintiff," etc. So reading the charge, we think there was no reversible error in giving it. Section 21 of the act approved April 22, 1911 (Gen. Acts 1911, p. 634), regulating motor vehicles operated upon the public highways of this state, "provided that

a rate of speed in excess of thirty miles per hour for a distance of a quarter of a mile shall be presumed evidence of traveling at a rate of speed which is not careful and prudent." We take it the Legislature meant to say that proof of speed in excess of 30 miles an hour for a distance of a quarter of a mile should be presumptive evidence of negligence. There was evidence to support the hypothesis of the charge, and if from it the jury found that plaintiff drove his automobile at a rate of speed in excess of the statutory limit for a quarter of a mile, there was nothing to rebut the statutory presumption that he was "traveling at a rate of speed which is not careful and prudent," was guilty of negligence. To have been of service in the case the charge should have predicated a causal connection between plaintiff's injury and his hypothesized negligence; but, as far as it went, the charge asserted no proposition at variance with the law, and its giving cannot be held for reversible error. The deficiency noted in this charge was supplied in charge 6, which was given without error. It cannot be said as matter of law that plaintiff's carelessness in the mere matter of speed, if the jury so found, did not proximately contribute to the accident in which he suffered. Plaintiff's theory of the case was that defendant's telephone pole stood in, or too close to, the roadway, that his car struck the pole sidewise because it skidded, and that in the conditions prevailing, viz. the road had been recently repaired and it had rained so that the surface of the road was loose and damp, an automobile will skid whether going fast or slow, and hence that the rate of speed at which it was moving was of no consequence. But the jury were authorized to reject this theory, and nothing can be more certain than that the damage suffered by plaintiff and his automobile depended upon the speed at which the machine was driven. These observations will explain also our ruling that charge 3 was given without error.

[3, 4] We prefer not to accept the proposition of charge 9 as universally true. Telegraph and telephone companies, under their statute license to construct their lines along the margin of public highways (Code, § 5817) could not, for example, take advantage of the convenient windings of travel due to difficulties in the road, to intrude their poles into that part of a highway set apart and devoted to the use of the public traveling on foot and in vehicles. The right of such companies under the statute is limited to the margin of the road. This means necessarily that their poles 'may be planted within the borders of the way devoted to public use; but they must not unreasonably or unnecessarily interfere with or endanger the use of the highway by the traveling public. The evidence in the instant case went without dispute to show on either side of the road a margin taken up in part by a ditch or drain and in part overgrown with grass and weeds; but in the space between a roadway was made equally available and marked for use by reason that it was smoothed and graveled to a substantially uniform width of 22 or 23 feet. In these circumstances there was no reason to apprehend a misinterpretation of the charge, and practically it meant only that defendant was within its right if its pole was planted without the used roadway thus set apart and devoted to use.

[5] The proposition of the tenth charge need not be argued at length. The pole had long stood where it was on the margin of a much-traveled road. At best for plaintiff it stood only so near the graveled part of the road that the hubs of passing vehicles had left some marks or scratches on it. There was no evidence that any one else had ever been hurt there. A finding that defendant had wantonly, willfully, or intentionally caused the damage of which plaintiff complained would have had no support in the rational inferences afforded by the evidence. It is doubted, indeed, whether on the evidence defendant was not entitled to the general affirmative charge on the whole case; but, without going to that length, the judgment of the court is that there was no error in giving the affirmative charge against the second count of the complaint.

No reversible error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.