(131 So. 244)

## ALABAMA POWER CO. v. JACKSON.

### 7 Div. 592.

Court of Appeals of Alabama.

Aug. 19, 1930.

Rehearing Denied Oct. 7, 1930.

Hood & Murphree, of Gadsden, and Martin, Thompson, Turner & McWhorter, of Birmingham, for appellant.

W. J. Boykin and Culli, Hunt & Culli, all of Gadsden, for appellee.

BRICKEN, P. J.

Appellee sued appellant to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the appellant in conducting its business as an electric public utility.

The evidence tended to show, while the plaintiff (appellee) was driving her automobile on a public highway between Boaz and Albertville, the transmission wires of defendant (appellant), charged with 2,200 volts of electricity, fell against said automobile, thereby causing personal injury to plaintiff. As stated, this action is to recover damages for said injury, alleged in the complaint to have been proximately caused by reason of the negligence of defendant. The trial resulted in a judgment for the plaintiff, from which judgment this appeal is prosecuted by defendant.

The defendant, a power company as defined by section 7193 of the Code, was engaged in the business of transmitting electric current through transmission wires strung on poles, which poles had been erected by defendant on said highway near the edge thereof.

Section 7197 of the Code provides that "such corporations shall have the right and authority to erect and operate tower, pole and wire lines across, along, and on public roads, *subject* to the regulation of the court of county commissioners or board of revenue of the counties in which said roads are located."

On the occasion in question, a dead pine tree, 75 to 100 feet in height, which stood on the land of one Milner adjacent to the side of the highway on which defendant's poles were erected, was blown down by a high wind that could have been reasonably antici-

pated by defendant, and in its fall struck the transmission wires of defendant, thereby causing them to fall upon the highway and against the automobile of plaintiff. One W. W. Elder, a witness for plaintiff, testified that plaintiff's automobile was 100 yards from the point where the tree fell.

It was without dispute that defendant's said power line had been constructed about a year and a half prior to the accident in question, and that at the time of its construction the tree in question was a dead tree. In fact, appellant in its statement of facts says: "The tree which fell was a large dead pine between 75 and 100 feet high and about 15 inches in diameter where it broke off. This tree stood on land owned by a Mr. Milner, who is not a party to this action, about 15 or 20 feet from appellant's transmission line. This tree had been dead about two years. This line had been built by appellant about a year and one-half before the accident."

A photograph showing the general situation at the place of accident was introduced in evidence by the plaintiff and identified by a witness who pointed out to the jury several objects shown by the picture, one of which was the standing stump of the dead tree. Said witness also pointed out to the jury the parts of the tree that had been removed from the highway, and indicated the place where the tree fell on the highway, together with the location of the wires, etc. This photograph is not before this court, and nowhere appears in the record on this appeal.

Prior to the construction of said transmission line, defendant obtained from the court of county commissioners of Marshall county, in which county the accident occurred, a resolution adopted by said commissioners' court authorizing the construction by defendant of tower, pole, and wire lines across, along, and on the public roads of said county, but subject to the condition, among others, that "such towers, poles and wires shall be so constructed and stretched as to reasonably prevent the falling of same on or across the said public roads; and in the event the same do fall or are blown down by winds or otherwise, the said Alabama Power Company shall, with reasonable dispatch reconstruct the same so as to clear the said roads for free passage or traffic thereon."

The right of a power company to construct its tower, pole, and wire lines across, along, and on public roads is by section 7197 of the Code made subject to the regulation of the court of county commissioners or board of revenue of the counties in which said roads are located. The resolution of the court of county commissioners of Marshall county expressly provided that "such towers, poles and wires shall be so constructed and stretched as to reasonably prevent the falling of same on or across the said public roads."

It is the contention of appellant that, by virtue of its authority to erect its poles and transmission wires on the public road, it was under no duty to take into consideration any danger created by reason of a dead tree standing in close and dangerous proximity to the highway, and, further, that such tree would not constitute a nuisance that could be abated by it, and that therefore it could not be charged with negligence in failing to take steps to have the tree removed.

■■ We are of the opinion that the right of the power company to erect and operate towers, poles, and wire lines across, along and on public roads, did not excuse it from the exercise of ordinary care to prevent injury to others rightfully using the highway, and it was for the jury to determine from all the evidence whether the defendant exercised ordinary care in locating its said line or transmission wires on the side of the road where it was placed. If the defendant in the exercise of ordinary care should have placed its poles and wires on the opposite side of the highway, and it failed to do so, it would be guilty of negligence. Likewise, if defendant failed to comply with the regulations contained in the said resolution of the court of county commissioners, it would be guilty of negligence. The jury had the benefit of the picture or photograph that was offered in evidence; furthermore, the complaint charged negligence generally. There was also evidence that plaintiff's car, at the time the wires fell against it, was some 100 yards from the point where the tree fell. We therefore deem it unnecessary for the purposes of this appeal to determine whether said tree, that was dead at the time of the construction of defendant's power line, constituted an abatable nuisance that should have been abated by defendant, for a decision on this point favorable to defendant would not under the facts as disclosed by the record justify a reversal of the judgment. There was no error in refusal of affirmative charge requested by defendant, and, finding no error in any of the rulings of the court, the judgment of the lower court is affirmed.

Affirmed.