147 So. 889

## ALABAMA POWER CO. v. MATTHEWS.
### 8 Div. 486.

Supreme Court of Alabama.
April 13, 1933.

Rehearing Denied May 18, 1933.

D. P. Wimberly, of Scottsboro, and Martin, Thompson, Turner & McWhorter, of Birmingham, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

BOULDIN, Justice.

Action for damages resulting from the loss of plaintiff's mule by electrocution, charged to the negligence of defendant in the maintenance of its high-voltage transmission line through a rural section.

The circumstances are interesting and unusual. Plaintiff's evidence tended to show that defendant maintained and operated a transmission line in Jackson county carrying a current of 44,000 volts; that at a point on the mountain near Bass, Ala., there stood a tall, dead chestnut tree, off the right of way proper, but near enough for the top branches to reach the wires, if falling toward the tree; that in February, 1932, and at a time when it was raining, this tree fell, the top limbs brushing and breaking over the wires, while a small branch near the base of the tree brushed the mule which had strayed from a neighboring pasture and chanced, at the moment, to be at that point; that a current of electricity, thus diverted from the line, killed the mule instantly.

The evidence was directed mainly to whether the mule was or could have been electrocuted in this way. The evidence presented a clear case for the jury on that issue. This is quite properly conceded by appellant.

The refusal of the affirmative charge to defendant presents the legal questions for review.

First, in importance, is whether there was evidence of negligence as the proximate cause of the loss of plaintiff's property.

"The statute, section 7199 of the Code, vests in power companies 'the right and authority to remove outside of said rights of way such timber as may injure or endanger by shading, falling, or otherwise, any of its works, and for that purpose may acquire such timber by condemnation.'" Collins v. Alabama Power Co., 214 Ala. 643, 646, 108 So. 868, 870, 46 A. L. R. 1459.

Such timbers, known as "danger trees," are defined in the same case "to mean trees which, by reason of size or condition, and contiguity to complainant's right of way, involve a concrete threat of injury to complainant's transmission or telephone lines, and that trees which have come to be dangerous since the grant are to be included in the class guarded against." Collins v. Alabama Power Co., supra. See, also, Wiggins v. Alabama Power Co., 214 Ala. 160, 107 So. 85.

It does not follow that the legislative intent in conferring such authority, as an incident to and part of its right of way, was solely for the protection of the power company in its physical properties. Such construction is too narrow. The sounder construction is that the statute intends to safeguard all those who are in danger of suffering loss from injury to such transmission lines, including those who may suffer injury in person or property by reason of a danger zone created by the presence of such "danger trees." Alabama Power Co. v. Jackson, 24 Ala. App. 86, 131 So. 244.

No statutory duty to cut such trees is imposed, in the sense that an action can be maintained for violation of duty enjoined by statute. The statute merely confers the right to cut such trees. The negligence, if any, in this case, is common-law negligence, want of reasonable care in safeguarding the property of plaintiff under the conditions there existing. But, if no right to cut trees off the right of way existed, and no power to acquire such right, and their removal would be an unlawful trespass on the property of another, there could be no want of care in failing so to do. So the right to cut them enters into the inquiry as to whether, in the exercise of reasonable care, there was a duty to this plaintiff to cut this tree.

The falling tree did not break nor injure the wires, or other equipment at any point, nor interrupt the public service. This was not essential. Injuring the line in properly functioning to safely carry the current was sufficient in that regard.

The duty of reasonable care does not depend on the number exposed to injury; it extends to the safeguarding of everyone, in person or property, at places where he or it may rightfully be. Sheffield Co. v. Morton, 161 Ala. 154, 163, 49 So. 772; Braun v. Buffalo General Electric Co., 200 N. Y. 484, 94 N. E. 206, 34 L. R. A. (N. S.) 1089, 140 Am. St. Rep. 645, 650, 21 Ann. Cas. 370; 20 C. J. page 345, § 39.

In Sheffield Co. v. Morton, supra, this court held an averment showing the injured had a right to be at the place of the injury discloses a duty of care. That case makes an exception, recognized in the New York case, supra, to the effect that no such duty exists at places practically inaccessible without encountering danger apart from the presence of the wire.

It is generally declared that in maintaining electric lines reasonable care requires inspection such as reasonable prudence may suggest. Alabama City, G. & A. Ry. Co. v. Appleton, 171 Ala. 324, 54 So. 638, Ann. Cas. 1913A, 1181; 1 Joyce on Electric Law, § 438-b; Curtis on The Law of Electricity, p. 700, § 475; 20 C. J. p. 359, § 45.

It appears in evidence that defendant did have an inspector who undertook to inspect this line once a month.

The place of the injury was in a non-stock law district, wherein, under the laws of this state, live stock may be lawfully permitted to run at large. There is no evidence as to the number of stock running at large in the vicinity, nor as to the frequency with which persons or animals were accustomed to be at this point. It appears this mule, with others, wandered from the field of the owner through which the transmission line passes; that the residence of the owner was some one and one-half miles from the point of injury.

The inquiry is: Would a man of reasonable care, charged with the duty to discover and remedy conditions of potential danger, and possessing the knowledge required for the conduct of this line of business, see and consider the presence of this dead tree in proximity to the transmission line a "danger tree," which would involve substantial danger of electrocuting some person or animal rightfully at such place. There must be a duty of care toward the person injured in person or property. In studying this question, among the elements to be considered, was the condition of the tree as it appeared standing, the likelihood of its falling at the time; then the probability of its coming in contact with the line in falling, that by such contact the dangerous current would be brought into position to injure some one, and, finally, the apparent danger of some person or animal being in such position as to come in contact with such current and be electrocuted.

The court, considering the matter in conference, has reached the conclusion that the evidence did not make out a case.

It cannot be said there is a present duty to cut every dead tree standing near enough to the line for its branches to come in contact with the line in falling. There is no evidence that persons or animals frequented this point on the mountain as charged in the complaint.

Without further discussion, we conclude the defendant was entitled to the affirmative charge.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.