194 So. 659

## BIRMINGHAM ELECTRIC CO. v. LAWSON.

### 6 Div. 636.

Supreme Court of Alabama.

March 14, 1940.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, and J. M. Pennington, of Jasper, for appellee.

**BROWN, Justice.**

This is an action on the case by a guest traveling with the owner in a private automobile on a public highway against a public utility corporation to recover damages resulting from injuries to plaintiff's person, in consequence of the automobile coming in contact with one of the defendant's poles maintained on the right of way of said highway as support for the defendant's line of electric wires.

The complaint, as the case went to trial, consists of counts A and B; the first charging simple negligence in placing and maintaining said pole; and the other charges wantonness in so placing and maintaining said pole.

The plea was the general issue, pleaded in short by consent, "with leave to give in evidence any matter which if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded."

Count B, at the close of the evidence, as the parties state in brief, was stricken or withdrawn and the case went to the jury on the issues formed by count A and the defendant's plea.

The trial resulted in a verdict and judgment for the plaintiff from which the defendant has appealed.

Defendant's demurrer interposed to count A, grounds M and N, take the point that "there is no sufficient allegation showing that the defendant so placed or maintained said pole as to cause it to unnecessarily or unreasonably obstruct the ordinary use of said highway by the public."

The appellant insists that said grounds of demurrer were well taken to said count and that the court erred in overruling the demurrer.

The pertinent averments of the count are "that while said automobile was being driven around a curve in said Highway, near towit Thomas, in Jefferson County, Alabama, same ran into upon or against a pole towit an electric light pole maintained by defendant, which said pole was located in close and dangerous proximity to the travelled portion of said public highway, and was within the right of way of said highway, and plaintiff further avers that the maintenance of said pole at said point within the limits of the public road and adjacent to the travelled portion thereof rendered the said highway dangerous for use by the plaintiff and by the public.

\* \* \* \* \* \*

"Plaintiff further avers that the defendant negligently caused or negligently caused or negligently allowed said pole to be or remain in dangerous proximity to the travelled portion of said highway on said occasion and as a proximate consequence of said negligence plaintiff suffered said injuries and damage."

Section 7197 of the Code 1923, conferred "the right and authority" on the defendant "to erect and operate tower, pole and wire lines across, along, and on public roads, subject to the regulation of the court of county commissioners or board of revenue of the counties in which said roads are located."

■ The erection and maintenance of such poles, by one authorized by the statute to do so, is not a nuisance; therefore the only foundation for legal liability to one injured or damaged in the legitimate use of the highway in consequence of the location or maintenance of such pole is negligence in placing or maintaining the same in such close proximity to the portion of the highway set apart and devoted to public use as to be dangerous to members of the public in the legitimate use of the highway, and the negligence must be a proximate cause of the injury. City of Prichard v. Alabama Power Co., 234 Ala. 339, 175 So. 294; Gilbert v. Southern Bell Telephone & Telegraph Co., 200 Ala. 3, 75 So. 315; Note following the report of Wyatt v. Chesapeake & Teleph. Co., 82 A.L.R. 395; Note, 98 A.L.R. 487–494.

■ The facts pleaded in count A, to say the least, "reasonably suggest an inference of fact," that "defendant so placed or maintained said pole so as to cause it to unnecessarily or unreasonably obstruct the ordinary use of said highway by the public," and when colored by the averment that the defendant's act in placing and main-

238

taining the pole in such close proximity to the traveled lane of the highway was negligence met the rules of good pleading. Birmingham Railway Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas. 1916A, 543; Morgan Hill Paving Co. v. Fonville, 222 Ala. 120, 130 So. 807.

The demurrer to said count A was not well taken and the ruling thereon was free from error.

On the question of the proximity of the pole to the traveled lane being dangerous, and as going to show notice to defendant, evidence of previous wrecks of other vehicles and physical evidence thereof left on the pole was admissible. Southern Railway Co. v. Posey, 124 Ala. 486, 26 So. 914.

The evidence was in conflict on the issues formed by the pleadings, and we are not able, after allowing all reasonable presumption of its correctness, to affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 739.

The affirmative charge, therefore, was refused and the motion for new trial denied, without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.