Defendant, J.C. Studdard, appeals from the grant of a motion for summary judgment for plaintiff, South Central Bell Telephone Company. We affirm.
In 1969, J.C. Studdard and wife, Grace Studdard, conveyed by deed a "right-of-way" for a public road to Etowah County. The deed stated the right-of-way "shall be 25 feet in width on each side of the center line of said road, as it is now located and staked out by Etowah County or as much of our lands as is required to make a 50 foot right-of-way across our lands, on Road known locally as Heath Herring (Chris Lyn Dr.) Road. . . ." In 1973, the telephone company was granted permission by the Etowah County Engineer, pursuant to Tit. 23, § 48, Code of Alabama 1940, [§ 23-1-85 Code 1975] to install a buried telephone cable within the right of way of said road. The cable was buried between 16.5 feet and 18 feet from the center line of the road.
In June, 1976, J.C. Studdard's brother-in-law damaged plaintiff's underground cable while he was erecting a fence for the Studdards on their property. Plaintiff brought suit for negligence. Defendant J.C. Studdard answered with a general denial and interposed the defense of contributory negligence. In addition, defendant filed a counterclaim for trespass to real property, which allegedly occurred when plaintiff installed the cable without permission or authority to do so. Plaintiff answered defendant's counterclaim with a general denial and later moved for summary judgment on defendant's counterclaim. Defendant also moved for summary judgment on plaintiff's complaint and on defendant's counterclaim.
The trial court held, inter alia, that plaintiff was entitled to summary judgment; that defendant's motion for summary judgment on its counterclaim was due to be denied; that there was no just reason for delay; and, that this was a final judgment. This appeal then followed.
Defendant J.C. Studdard contends the trial court erred in granting a summary judgment for plaintiff on his counterclaim for trespass, because, he claims the underground cable was installed at an improper point, and because the question regarding proper placement of the cable is a "genuine issue of material fact," which precludes summary judgment. We must disagree.
A restatement of our rules respecting summary judgment is in order. A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Isbellv. City of Huntsville, 295 Ala. 380, 330 So.2d 607 (1976).
The movant for summary judgment has the burden of showing the absence of any genuine issue of material fact, and all reasonable doubts touching the genuine issue of material fact must be resolved against the moving party. Donald v. CityNational Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). *Page 141 
Moreover, if there is a scintilla of evidence supporting the nonmoving party, a summary judgment is inappropriate. Wilbanksv. Hartselle Hospital, Inc., 334 So.2d 870 (Ala. 1976).
Where, as here, however, all the basic facts are undisputed and the matter is one of interpretation or of reaching a conclusion of law by the court, the court may grant a motion for summary judgment. Bible Baptist Church v. Stone,55 Ala. App. 411, 316 So.2d 340 (1975).
We think it is clear that what is involved in this case is purely a question of law.
Placement of telephone lines in Alabama is governed by Tit. 23, § 48, Code [§ 23-1-85 Code 1975] which provides, as follows:
 "§ 48. (1367) (5817) Right to construct telephone and telegraph lines along highway. — The right of way is granted to any person or corporation having the right to construct the telegraph or telephone lines within this state to construct them along the margin of the right of way of public highways, subject to the removal or change by the court of county commissioners, board of revenue, or other like governing body of the county, except in cases where the highway department has jurisdiction over such highway. (1927, p. 348.)" [Emphasis supplied.]
There is no dispute as to the location of the buried telephone cables at the time the damage was done to them. Both sides agree on that location. Therefore, the trial judge was faced exclusively with a question of law, the interpretation of the statutory phrase "along the margin of the right of way of public highways," contained in Tit. 23, § 48, supra. What he had to determine, in effect, in granting summary judgment for the plaintiff on defendant's counterclaim for trespass, was that the location of the cables between 16.5 feet and 18 feet from the center line of the road, fell "along the margin of the right of way of public highways," which right of way extended 25 feet in width from the center line, according to the deed, as a matter of law.
Defendant relies on Gilbert v. Southern Bell Telephone andTelegraph Co., 200 Ala. 3, 75 So. 315 (1917), which was decided according to § 5817, Code of Alabama 1907, the statutory predecessor of Tit. 23, § 48, Code of Alabama 1940, as supporting their contention that the location of the cables was not "along the margin of the right of way of public highways." In Gilbert, this court, in holding that the giving of a certain jury charge was not improper, discussed the meaning of the phrase "along the margin of public highways" as the statute then read, viz:
 ". . . Telegraph and telephone companies, under their statute license to construct their lines along the margin of public highways (Code § 5817) could not, for example, take advantage of the convenient windings of travel due to difficulties in the road, to intrude their poles into that part of a highway set apart and devoted to the use of the public traveling on foot and in vehicles. The right of such companies under the statute is limited to the margin of the road. This means necessarily that their poles may be planted within the borders of the way devoted to public use; but they must not unreasonably or unnecessarily interfere with or endanger the use of the highway by the traveling public. . . ."
200 Ala. at 4, 75 So. at 316.
Defendant argues that the addition of the words, "of the right of way" to the 1907 Code dictates the conclusion that the cables were improperly placed. Defendant contends that the cables may only be placed along the exact outer limit of theright of way.
Plaintiff's counsel answers this argument as follows:
 ". . . When used as it is in this statute, `margin' patently means an area. It is so understood in everyday usage. The rules of this Court require that a margin of 1.5 inches be left around the typescript of this page. ARAP 32. If one of the judges of this Court makes notes in the margin of this brief, he or she will write in the space between the *Page 142 
typewriting and the edge. As the word is employed in the statute it can have no comprehensible meaning unless it refers to the space between the traveled part of the roadway and the edge of the right-of-way. It was so understood in Gilbert and the best that counsel for Mr. Studdard can do with that is to claim that adding "of the right-of-way" to the section turns Gilbert inside out.
 "To reason that the added words change both Gilbert
and ordinary usage so completely is to wind up standing on thin air. The same Legislature that incorporated those words retained the requirement that the lines be constructed `along' the margin and added also the provision that they be subject to removal or `change' by county governing bodies.
"`Along' recently has been construed by this Court:
 "`The word "along" is not exact or specific. * * *
 "`If the barrier were on the highway right of way and extended in the direction of the property line, it could be said that the barrier was "along" the property line. If the barrier were on the land owned by the defendant railroad and extended in the direction of the property line, it could be said that the barrier was "along the property line." Whether on one side or the other, the barrier would be "along" the property line. Holley v. Seaboard Air Line R. Co., 291 Ala. 510, 515, 283 So.2d 168, 173 (1973).'"
 If `margin' means an exact, fixed point, its use with `along' is a contradiction. Furthermore, if the Legislature granted telephone and telegraph companies a franchise to construct their lines only upon definite, fixed points (joined together to make a line) there was no sense in simultaneously giving county governing bodies the power to require the location of the lines to be changed. If the lines could be in one place only, to what other location could they be changed?"
In order to agree with defendant's statutory interpretation, we would have to hold that telephone lines and cables may only be constructed along one line. Not only would this prove to be impracticable as plaintiff's counsel points out, but it would require an excessively strained reading of Tit. 23, § 48, Code, which we are unwilling to give it.
In ascertaining legislative intent, we are entitled to consider conditions which may arise under the provisions of statutes and to examine the results which will flow from giving the language in question a particular meaning over another.Wright v. Turner, 351 So.2d 1 (Ala. 1977); League of WomenVoters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). We agree with plaintiff's interpretation of the meaning of "along the margin of the right of way."
For the foregoing reasons, therefore, this case is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON, EMBRY and BEATTY, JJ., concur.