BEATTY, Justice
(dissenting):
It is difficult to rationalize the majority’s upholding of Simpson. To say that a power company cannot as a matter of law be negligent for its placement of a power pole in the median of a traveled highway flies in the face of reality. Had this same pole been placed on the shoulder of the highway the question of negligence would have been a question for the jury, and clearly both the “shoulder” and the “median” pose the same hazards and dangers for the traveler. Ordinarily, a plaintiff may recover for injuries proximately caused by the negligent placement or maintenance of a power pole, if the pole is located in close proximity to a public way or highway so as to be dangerous to the public in the legitimate use of the highway. Birmingham Electric Co. v. Lawson, 239 Ala. 236, 194 So. 659 (1940); City of Prichard v. Alabama Power Co., 234 Ala. 339, 175 So. 294 (1937); Gilbert v. Southern Bell Telephone & Telegraph Co., 200 Ala. 3, 75 So. 315 (1917).
The dissent in the Simpson case was directly on point in stating the following:
“In Birmingham Electric Co. v. Lawson, 239 Ala. 236, 194 So. 659, the Court upheld a jury verdict for the plaintiff where a pole was located approximately the same distance from the traveled portion of the road as was the pole in the instant case. The only difference is that one pole was on a shoulder and the other on a median.
“The majority opinion, when stripped, says that from this day forward there can be negligence on the part of one placing a pole in Alabama, if that pole is placed on a shoulder; but there cannot be negligence on the part of one placing a pole in Alabama, if that pole is placed on a median — no matter where.
“Medians do not necessarily have curbs, and poles can be located around blind corners within medians. Medians are constructed in many different ways and shapes. Medians will continue to be constructed in new and different ways in the future. The mind can fashion hundreds of future happenings where a pole, carelessly placed in a median, will cause injury and death to the innocent. The majority opinion grants free license to the pole placer within a median but restricts him to the scrutiny of a jury on a shoulder. I fail to see the difference....’’ Simpson, 282 Ala. at 374-75, 211 So.2d at 503.
Finally, the Court in Simpson as well as this Court should have considered the case of Alabama Power Co. v. Jackson, 24 Ala. App. 86, 131 So. 244, cert. denied, 222 Ala. 143, 131 So. 246 (1930). In that case plaintiff was allowed to recover for personal injuries resulting from the power company’s negligent placement of a power pole and power lines in the vicinity of a known dead tree next to the roadway. The dead tree was blown down onto the wires thereby causing them and a power pole to fall onto the highway and against plaintiff’s car. The court stated:
“We are of the opinion that the right of the power company to erect and operate towers, poles, and wire lines across, along and on public roads, did not excuse it from the exercise of ordinary care to *1075 prevent injury to others rightfully using the highway, and it was for the jury to determine from all the evidence whether the defendant exercised ordinary care in locating its said line or transmission wires on the side of the road where it was placed. If the defendant in the exercise of ordinary care should have placed its poles and wires on the opposite side of the highway, and it failed to do so, it would be guilty of negligence....” (Emphasis added.) Alabama Power Co., 24 Ala.App. at 88, 131 So. at 245.
I believe that the issue of negligence should reach the jury; therefore, for the reasons enumerated, I respectfully dissent.
FAULKNER, EMBRY and ADAMS, JJ., join in the above.