On January 29, 1991, Chris Byrd, the 17-year-old son of Louie Frank Byrd, was killed in an accident while driving a motorcycle. An automobile pulled out from behind a school bus and into Chris's traffic lane, hitting him head-on. Louie Frank Byrd sued Commercial Credit Corporation ("Commercial") and one of its employees, Deborah Robertson, contending that, through Commercial's financing of Chris's purchase of the motorcycle, Commercial and its employee had proximately caused Chris's death. The trial court entered a summary judgment for Commercial and Robertson, and Byrd appealed.[1]
The evidence, viewed in a light most favorable to Byrd, seeWilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359
(Ala. 1993), suggests the following:
Near the time of his death, Chris had worked at various jobs, and Byrd had helped him finance the purchase of three automobiles. Chris had moved out of Byrd's home and into the home of a friend. When Chris found a used motorcycle that he wanted to purchase, he asked Byrd to help him finance the purchase, but Byrd refused, considering the motorcycle to be dangerous. Chris took possession of the motorcycle from its owner and made payments, although the title was *Page 393 
not in Chris's name. Byrd was aware that Chris had the motorcycle. On December 27, 1990, Chris visited Commercial's office and secured a loan to purchase the motorcycle. Deborah Robertson, as an employee of Commercial, assisted Chris in the transaction. Chris used the loan to purchase the motorcycle and took title to the motorcycle. On January 29, 1991, Chris was killed.
Byrd argues that Commercial and Robertson, by financing Chris's purchase of the motorcycle, proximately caused his death.
We disagree. This Court has defined "proximate cause" as an act or omission that in a natural and continuous sequence, unbroken by any new and independent causes, produces the injury and without which the injury would not have occurred.Thetford v. City of Clanton, 605 So.2d 835, 840 (Ala. 1992). Commercial and Robertson, by merely financing Chris's purchase of the motorcycle, did not proximately cause his death. Although the fact that Chris was a minor made the finance contract voidable, so that he could have disaffirmed it, he did not do so. While Commercial's action led to Chris's taking title to the motorcycle, it did not cause Chris's accident or death.
The judgment of the trial court is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, HOUSTON, and KENNEDY, JJ., concur.
[1] Byrd joined Shirley Bell, Chris's mother, in a separate action against the driver of the automobile. That case has been settled and is not at issue here.