THOMPSON, Judge,
dissenting.
I would affirm the summary judgment in favor of Alabama Power Company; therefore, I must respectfully dissent.
To defeat Alabama Power’s, motion for a summary judgment on the issue of negligence, Findley must present substantial evidence, or “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved,” in support of her claim. West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In order to establish negligence, Findley must present evidence (1) that Alabama Power owed her, as a foreseeable plaintiff, a duty; (2) that Alabama Power breached that duty; and (3) that the breach proximately caused her injuries. Martin v. Arnold, 643 So.2d 564 (Ala.1994).
The Supreme Court of Alabama has held that the proximate cause of any injury is “an act or omission that in a natural and continuous sequence, unbroken by any new and independent causes, produces the injury and without which the injury would not have occurred.” Byrd v. Commercial Credit Corp., 675 So.2d 392, 393 (Ala.1996). Thus, Findley must prove some nexus between Alabama Power’s actions and her injuries; mere proof of an accident and an *1213 injury is not sufficient to establish negligence. Khirieh v. State Farm Mut. Auto. Ins. Co., 594 So.2d 1220 (Ala.1992) (citations omitted). Further, it must be determined whether the injury resulting from the defendant’s conduct was foreseeable. Lyon v. Volkswagen of America, Inc., 676 So.2d 356 (Ala.Civ.App.1996).
Restatement (Second) of Torts states that the issue of foreseeability concerns whether travelers on the roadway could come into contact with a power pole during the course of a deviation that the defendant should have reasonably anticipated. See Restatement (Second) of Torts § 368, cmt. h (1965).
“A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who
“(a) are traveling on the highway, or “(b) foreseeably deviate from it in the ordinary course of travel.”
Restatement (Second) of Torts § 368 (1965).
In 1946, Alabama Power installed the power pole at issue more than six feet from the roadway. One of the witnesses for Findley testified that the road along which the pole is located is “very busy.” Findley drove past this power pole on a daily basis for 13 years. On the day of the accident, the weather was sunny and dry. The power pole is visible 75 yards from its location and there are no bushes or any other type of obstruction concealing a clear view of the pole.
Findley testified that she remembered passing the home of a neighbor who lives approximately 50 yards from the location of the power pole. Findley testified that she does not remember anything after that until she saw the pole directly in front of her automobile. She said she did not have time to brake or to swerve to miss the pole; there were no skid marks on the road to indicate that Findley made any attempt to stop the vehicle before it hit the power pole. Findley testified that she does not know whether she had already driven off the road when she first saw the power pole.
Findley’s accident was the first accident involving this power pole in the 49 years that the pole had been in place. Findley drove so far to the right of the paved road that the left front of her automobile struck the pole. When it struck the pole, the driver’s side of Findley’s automobile was approximately six feet from the side of the roadway and the passenger side was approximately 10 feet from the paved road.
These facts do not support Findley’s claim that the placement of the power pole proximately caused her injuries; she has not established a nexus between Alabama Power’s actions and her injuries. Where the plaintiff fails to show that the action of the defendant proximately caused her injury, an action for negligence cannot be sustained, as a matter of law. Bell v. Colony Apartments Co., 568 So.2d 805 (Ala.1990). Although I recognize that a summary judgment is rarely appropriate in a negligence action, Butler v. AAA Warehousing & Moving Co., 686 So.2d 291 (Ala.Civ.App.1996), the question of the sufficiency of the evidence is clearly within the province of the trial court. When, in response to a properly supported summary judgment motion, the plaintiff fails to carry her burden of proof by presenting substantial evidence to support her claim, it is the duty of the trial judge to dispose of the matter by entering a summary judgment in favor of the defendant.
The Supreme Court of Alabama has determined that in placing power poles along the roadways an electric company has the duty to install or maintain those poles in such a manner that they are not dangerous to the traveling public. Birmingham *1214 Electric Co. v. Lawson, 239 Ala. 236, 194 So. 659 (1940).
“[T]he only foundation for legal liability to one injured or damaged in the legitimate use of the highway in consequence of -the location or maintenance of such pole is negligence in placing or maintaining the same in such close proximity to the portion of the highway set apart and devoted to public use as to be dangerous to members of the public in the legitimate use of the highway, and the negligence must be a proximate cause of the injury.”
Birmingham Electric Co., 239 Ala. at 237, 194 So. at 661.
While I suppose that it is technically always “foreseeable” that a driver could drive off the road and hit a power pole no matter where the pole is located, under the applicable law Alabama Power does not bear liability for such a wide deviation from the roadway. Rather, Alabama Power is liable where its negligent placement or maintenance of a power pole is “dangerous to members of the public in the legitimate use of the highway.” Id. I interpret that language to mean that there is liability to drivers who exercise a minimal level of care in driving. It can not be said that Findley exercised such care in operating her vehicle.
I ■ do not believe that Alabama Power could reasonably anticipate that, in the “ordinary course of travel,” Findley would leave the roadway and drive directly into the power pole. Findley’s actions did not constitute a minor or a foreseeable deviation from the roadway. .
Findley does not allege that the power pole’s proximity to the road caused her accident; rather, she alleges that she was injured because of the pole’s proximity to the road. I would note that many objects, both natural and manmade, including trees, rocks, ditches, fences, and mailboxes, line the roadways of this state and are located closer to the roadways than was this power pole. In leaving the paved roadway, Findley was not entitled to a path completely free of all obstacles until she could stop or regain control of her vehicle and reenter the roadway.
I do not believe Findley presented sufficient evidence to withstand Alabama Power’s motion for a summary judgment. Findley has presented no evidence that Alabama Power breached a duty it owed her. Because Findley presented no evidence indicating that Alabama Power breached a duty, Alabama Power was entitled to a judgment as a matter of law. It is clear from the record that Findley’s driving, not the location of the power pole, was the proximate cause of her injuries; the pole was merely the object she hit after leaving the road. Although questions of proximate causation and negligence are generally reserved for the jury, the question whether the evidence presented by the plaintiff is sufficient to go to the jury is clearly within the trial court’s discretion. Where, as here, the evidence presented by the plaintiff is not sufficient to create a factual question on the issues of negligence and proximate causation, the trial court may properly enter a summary judgment.
I would affirm the judgment of the trial court; therefore, I must respectfully dissent.