MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).
I respectfully decline to join in Part “C” of the “Analysis” portion of the main opinion to the extent that it concludes that QORE’s brief does not cite sufficient authority to place before us the issue whether, in the words of QORE’s brief, Bradford engaged in “an independent and voluntary business decision” that broke the chain of proximate causation. The main opinion states that “[ojther than general propositions of law that provide no support for its argument, QORE cites no cases to substantiate its theory that Bradford’s fixing the problem with the slab at its own expense was a voluntary, unforeseeable[3] act that broke the chain of proximate causation. ‘ “Authority supporting only ‘general propositions of law1 does not constitute a sufficient argument for reversal.” ’ ” 25 So.3d at 1125. What the main opinion refers to as “general propositions of law,” however, appear to me to be adequate support for the argument made in this case by QORE, and that argument in turn appears to me to be adequate to place before this Court the issue of proximate causation.
QORE’s discussion begins by explaining the four elements of a negligence claim:
“To establish a negligence claim, a plaintiff must establish four elements: 1) the existence of a legal duty to a foreseeable plaintiff; 2) breach of that legal duty by the defendant; 3) proximate causation; and 4) damage or injury. Martin v. Arnold, 643 So.2d 564 (Ala.1994); see also, Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 306, 302 So.2d 228 (1974).”
QORE’s brief, at 29. Certainly, the foregoing represents only general propositions of law and would not be sufficient by itself to present to us the issue of proximate causation. QORE’s brief continues as follows, however:
“This Court has defined ‘proximate cause’ as follows:
“ ‘The proximate cause of an injury is that cause which, in the natural and probable sequence of events, and without the intervention or coming of some new or independent cause, produces the injury, and without which the injury would not have occurred.’ *1128 “Alabama Power Co. v. Moore, 899 So.2d 975, 979 (Ala.2004).”
(Emphasis added.) QORE then cites Byrd v. Commercial Credit Corp., 675 So.2d 392, 393 (Ala.1996), for the proposition that this Court has “defin[ed] proximate cause as ‘an act or omission that in a natural and continuous sequence, unbroken by any new and independent causes, producefs] the injury and without which the injury would not have occurred.’ ” (Emphasis added.)
The question QORE seeks to have us address is whether the evidence in this case was sufficient to put the issue of proximate causation to the jury. As to this issue, QORE’s brief directly applies the above-stated legal principles to the facts of the present case in a straightforward manner:
“Bradford’s damages arose out of an independent and voluntary business decision it made, as opposed to a natural and probable chain [of] events precipitated by QORE’s negligence. Bradford was aware that under its contract with RKM, it had no legal responsibility to make the building repairs. Nevertheless, as Michael Cahoon, Bradford’s project manager, testified, Bradford’s payment for the building repairs was voluntarily made to further Bradford’s business relationship with RKM and to obtain more Walgreen’s work.”
(Emphasis added.) Following this argument, QORE discusses the evidence in more detail over the next several pages of its brief and then draws conclusions as to the proper application of the above-stated principles to that evidence. I find QORE’s brief as to the issue of proximate causation sufficient to comply with Rule 28, Ala. R.App. P., and to place before us the issue of proximate causation.[4]
That said, I turn to the merits of QORE’s argument. On its merits, QORE’s argument fails in my view.
Bradford presented evidence indicating that QORE was aware that “if the soil in the tank pits was not properly compacted, the building could be damaged and repairs would have to be made.” Although Michael Cahoon testified that Bradford’s business relationships were a “factor” that “influenced” its decision to pay for the repairs, he also testified that, at the time Bradford made the decision to repair the slab, it was unclear who was at fault. According to Cahoon, the slab failure left Bradford, as a general contractor, “stuck between a rock and a hard place.” Cahoon testified that the slab failure jeopardized Bradford’s ability to keep its contractual obligations to RKM and Wal-greens, and Bradford paid for the repairs in an effort to keep from losing money it would otherwise have made on the project and from losing future opportunities to do business for RKM and Walgreens. As a result, according to Cahoon, Bradford made a “business decision to fix [the problem] and then get the store open and figure out whose fault it was afterwards.” This, in my view, constituted sufficient evidence for consideration by the jury as to whether Bradford’s actions were part of the “natural and probable sequence of events” that could occur as the result of QORE’s failures. It is sufficient evidence from which a jury could conclude that Bradford’s actions did not represent “the intervention or coming of some new or *1129 independent cause.” The evidence presented at trial was sufficient to create a question of fact as to whether QORE’s negligence proximately caused Bradford to be placed in the position of bearing the loss for which it is seeking redress. The trial court, in my view, did not err in submitting that question to the jury.

. Contrary to the suggestion in the main opinion, QORE’s argument in its initial brief is not based on whether Bradford's actions in assuming responsibility for repair of the slab were or were not "foreseeable.” It is Bradford that injects the concept of foreseeability in an effort to "defend” against the argument presented by QORE. Even Bradford does so, however, only with respect to the foreseeability of damage to the slab if QORE failed to fulfill its duties, not the foreseeability of Bradford’s undertaking in response to that damage. (“The proximate cause issue is not whether it was reasonably foreseeable that Qore's conduct would cause Bradford to pay for the repairs but instead, whether it was reasonably foreseeable that Qore's conduct would result in damage to the slab itself." Bradford's brief, at 35-36 (emphasis by Bradford; footnote omitted).)

. I suspect that most cases that would be apposite to a situation such as this likely would discuss the issue in terms of equitable subrogation, rather than negligence. Compare, e.g., American Cyanamide Co. v. United States Fid. & Guar. Co., 459 So.2d 851, 853-54 (Ala.1984) (citing American Southern Ins. Co. v. Dime Taxi Serv., Inc., 275 Ala. 51, 57, 151 So.2d 783, 787 (1963)).