# Bradley *v.* Louisville & Nashville R. R. Co.

*Action for Damages for Personal Injury in Crossing Track.*

(Decided Dec. 20th. 1906.   42 So. Rep. 818.)

1. *Appeal; Harmless Error; Demurrer.*—Where plaintiff had the benefit under two other counts of all the evidence that could have been offered to the counts to which the demurrer was sustained, the sustaining of the demurrer was harmless.
2. *Negligence; Pleading; General Averment of Wantonness.*—A general averment of wantonness or wilfullness will authorize any proof on that subject, in an action for negligence.
3. *Railroads; Injuries to Persons on Track; Contributory Negligence.*—Plaintiff was struck by a locomotive running backward, while standing at a point on the right of way about thirty feet from a regular crossing, and not at a place where people frequently cross. Held, she was guilty of contributory negligence to defeat her right of recovery.

35

[Bradley v. Louisville & Nashville R. R. Co.]

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by Lizzie Bradley against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Action for damages for personal injuries to person crossing track of defendant at a public crossing. The first count charged simple negligence, and counts 2, 3, 4, and 5 charges wanton or willful negligence. It is unnecessary to set out the pleadings. The evidence for the plaintiff showed that she was hit by a locomotive running backward along the tracks of the Louisville & Nashville Railroad Company in the town of Evergreen about 30 feet above a regular crossing, and that she was standing on the right of way near the tracks. It was further shown by plaintiff's witnesses that it was not a place where people frequently crossed the track, but between the regular crossing and the crossing leading to the Baptist Church in said town. The defendant intro-duced no evidence. Both sides requested the affirmative charge. The court gave the charge for the defendant, and the plaintiff appeals.

JAMES F. JONES, for appellant.—The court erred in sustaining demurrers to counts 2 and 3 of the complaint. —*Central of Ga. Ry. Co. v. Foshee*, 125 Ala. 199 ; *Arm-strong v. Montgomery St. Ry.*, 123 Ala. 233. The court erred in giving the general ffirmative charge for the de-fendant as to counts 4 and 5.—*Huffmeister v. Pa. R. R. Co.*, 160 Pa. 568 ; *Stringer v. Ala. Min. R. R. Co.*, 99 Ala. 397.

GEORGE W. JONES, and RABB & PAIGE, for appellee.— The court properly sustained the demurrers to 2nd and 3rd counts of the complaint.—*R. R. Co. v. Martin*, 117 Ala. 367 ; *Foshee's Case*, 125 Ala. 199. If any one ground of the demurrers were well taken the court properly sus-tained them.—*Hatcher v. Branch*, 37 South. 690. The court properly gave the general charge.—*C. of G. Ry. Co. v. Freeman*, 134 Ala. 354 ; 122 Ala. 470 ; 94 Ala. 581 ; 93 Ala. 209 ; 96 Ala. 264.

[Abraham Bros. v. Southern Ry. Co.]

SIMPSON, J.—This was an action for damages for personal injuries, claimed to have been suffered by the plaintiff (appellant) from being struck by an engine of defendants. Demurrers were sustained to the second and third counts of the complaint, and the trial was on the first count, which charged simple negligence, and the fourth and fifth counts, charging willful and wanton conduct; the pleas being the general issue and contributory negligence in short by consent.

It is not necessary to consider whether there was any error in the sustaining of the demurrers to the second and third counts, as the fourth and fifth charged willful, wanton, and reckless conduct on the part of the defendant, and under these counts the plaintiff had the benefit of all evidence which could have been produced in support of said second and third counts, so that, if there was error, it was error without injury. A general averment of wantonness or willfulness is sufficient to let in any proof on that subject.—*Foshee's Case*, 125 Ala. 226, 27 South. 1006.

The plaintiff's own testimony shows contributory negligence, and there was not any testimony to sustain the count charging willful or wanton and reckless conduct. Consequently there was no error in the giving of the general charge in favor of the defendant, nor in the refusal to give the same for the plaintiff.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.