175 So. 542

**SHARPE v. WESTERN RY. OF ALABAMA.**

**3 Div. 213.**

Supreme Court of Alabama.

June 14, 1937.

Rehearing Denied June 29, 1937.

508

Hill, Hill, Whiting & Rives and Albert J. Pickett, Jr., all of Montgomery, for appellant.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

BROWN, Justice.

This is an action on the case by appellant against appellee for personal injury received by the plaintiff as a result of a collision between a truck in which he was riding and the locomotive pulling passenger train No. 38, at a road crossing leading into the plant of the W. F. Bradley Lumber Company located in the city of Montgomery.

The case was tried on counts 4, 5, 7, and 9 of the complaint and the defendant's pleas of the general issue and contributory negligence, pleaded in short by consent.

The bill of exceptions recites that "at the conclusion of the plaintiff's testimony, being all of the evidence in the case, and after the plaintiff had rested, and before the defendant had introduced any evidence, the defendant thereupon made a motion to exclude the testimony introduced by the plaintiff, and called the court's attention specially to defendant's contention that there was a failure of proof of the material averments of plaintiff's counts in the complaint; and the court thereupon granted said motion to exclude all of the testimony introduced by the plaintiff and to this action of the court the plaintiff duly and legally excepted."

As to the character and use of the crossing at which the collision occurred, count 4 of the complaint avers, "That while he [Plaintiff] was then and there crossing, in an automobile or motor truck, the defendant's said railroad track at a point just east of North Court Street, a public street in said city and between said North Court Street and the mill and plant of the Bradley Lumber Company, *and at which point the public, including a large number of people, then and there, customarily* and frequently crossed said track, both on foot and in automobiles and motor trucks, etc. (Italics supplied.)

Count 5 avers that defendant's tracks on which the train was moving "then and there crossed a certain road or road crossing just east of North Court street, a public street in said city, and between said North Court street and the mill and plant of the Bradley Lumber Company, *which said road or road crossing was at the time used by the public as a public crossing or road* in said

city and county, and had been so used as a public crossing or road for many years." (Italics supplied.)

Count 7 avers "the defendant did then and there hold out *an invitation to the public to cross its said railroad* at a place just east of North Court street, a public street in said city, and between said North Court street and the mill and plant of the Bradley Lumber Company in said city, and *did maintain a crossing at said place for the public convenience.*" (Italics supplied.)

Count 9 avers "and then and there a road crossed the defendant's railroad track in said city from said North Court street to said mill or plant of said W. F. Bradley Lumber Co., Inc., which said road was the only means of passage for automobiles and motor trucks between said North Court street or any other public street or highway and said mill or plant of said W. F. Bradley Lumber Co., Inc., *and at which point a large number of people then and there customarily and frequently crossed said railroad track in automobiles or motor trucks on business with said W. F. Bradley Lumber Company, Inc., and which said crossing was maintained by the defendant* for the use of those using said road on business with said W. F. Bradley Lumber Company, Inc." (Italics supplied.)

It was stated by appellant's counsel in argument at the bar, and is stated in brief that, "While there were eleven counts in the complaint originally and one other count was added by amendment [R. 1-10] a consideration of only two counts is necessary to an understanding of the questions presented upon this appeal, namely Count 9 and Count 12." Count 12 being the count added by amendment and to which the court sustained the defendant's demurrer.

We take this as a concession by appellant that the evidence offered on the trial did not tend to support all the material averments of counts 4, 5, and 7, particularly the averments of said counts which we have quoted and italicized.

The design of the pleader, no doubt, in embodying in count 9 the averments quoted therefrom was to invoke and make applicable the doctrine stated in Walker v. Alabama, Tennessee & Northern Railway Co., 194 Ala. 360, 70 So. 125, 127, to the general effect that where "a railroad company holds out an invitation to the public to cross at a particular place, as, for example, by preparing and maintaining a crossing for the pub-

lic convenience, it assumes in the operation of its trains at such place, without regard to the statute, the burden of exercising reasonable precautions to protect the public when using it on such inducement or invitation; the degree of care to be measured, not by the absolute requirements of the statute, but by the potentialities and probabilities of the situation thus created."

Whether or not said averments interpreted in connection with the other averments of the count were sufficient in themselves, against appropriate demurrer, to show that plaintiff was an invitee of the defendant, is a question not presented by the ruling of the court on the defendant's motion to exclude the plaintiff's evidence. These averments, however, were material to the cause of action stated in said count, and without proof of them, in substance, the plaintiff could not recover under said count.

The evidence is without dispute that the crossing at which the collision occurred was a private crossing leading from North Court street in the city of Montgomery into the plant of the lumber company, which the evidence goes to show was inclosed by fence. There was a large sign at the crossing characterizing it as a private crossing, and on the fence at the gate into which said roadway led a "no trespass" sign was maintained. There was evidence tending to show that said crossing was put in, in 1933, by the defendant at the request of the lumber company, and that the engineer had knowledge of its existence. There was no evidence, however, that the crossing was *maintained* by the defendant, and there was an absence of evidence showing or tending to show that at 8:05 o'clock in the morning, the time at which the accident occurred, the crossing was "customarily" and "frequently" used by a large number of people, crossing said track in automobiles and motortrucks.

By making said averments, the plaintiff assumed the burden of offering evidence to support them, and having failed to do so, reversible error was not committed by the court in granting the motion to exclude the plaintiff's evidence. Dorrough v. A. G. L. Ry. Co., 221 Ala. 305, 128 So. 602; W. E. Herron Motor Co., Inc., v. Maynor et al., 232 Ala. 319, 167 So. 793; Mount Vernon Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710.

We are not of opinion that the averments of count 12 added by amendment are sufficient to show that the plaintiff was an

invitee of the defendant, though it may be conceded that he was an invitee of the lumber company. While said count avers that the lumber company was a tenant of the defendant; that it was engaged in operating a mill for the manufacture of lumber, and that said road was the only avenue of egress and ingress into said plant, it also avers that the defendant had constructed spur tracks into the mill yards for the purpose of transporting timber to the mill and lumber therefrom. Construing the averments most strongly against the pleader, the timber and lumber trucks were competitors of the railway company and their acts were not for the defendant's benefit, but to its detriment. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; 52 C.J. 538, § 2107.

Said count shows that plaintiff was a mere licensee of the defendant. Atlantic Coast Line Ry. Co. v. Carter, 214 Ala. 252, 107 So. 218; 52 C.J. 538, § 2106.

■ The count avers, however, that said "road crossed the defendant's railroad tracks in said city from said North Court Street to said mill or plant," and negligence being predicated generally upon the conduct of the defendant's business, and the collision occurring at the crossing within the corporate limits of the city, the evidence, including that going to show that the train was at the time moving within the corporate limits of the city without ringing the bell or blowing the whistle, tended to support the count, though plaintiff was but a licensee. Lloyd v. Central of Georgia Ry. Co., 200 Ala. 694, 77 So. 237; Georgia Pacific R. R. Co. v. Blanton, 84 Ala. 154, 4 So. 621; Central of Georgia Ry. Co. v. Pope, 221 Ala. 145, 127 So. 835.

The defendant's demurrer to count 12 was erroneously sustained and for this error the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, Justice.

■ Appellee strenuously insists that the statement in the opinion that:

"There was evidence tending to show that said crossing was put in, [in] 1933, by the defendant at the request of the lumber company, and that the engineer had knowledge of its existence," is not justified by any evidence in the case and should be stricken from the opinion.

By interrogatory No. 2 propounded to the defendant by plaintiff under the statute, the plaintiff called for the following facts:

"a. By whom was the crossing over your railroad tracks from North Court Street to the mill and plant of said Bradley Lumber Company constructed or prepared?" "b. Was not said crossing constructed or prepared by you under contract or agreement with the Bradley Lumber Company?" The answer to said interrogatory: "This private crossing was installed with the consent of defendant *at the request of Mr. Bradley, of Bradley Lumber Company, to serve his lumber company*, but Bradley Lumber Company was located on defendant's property, which the Lumber Company leased from the defendant." (Italics supplied.)

The lease, a copy of which was attached to the answers, was entered into in 1933.

Though it must be conceded the defendant's answer is evasive, yet in connection with the lease it inferentially supports the statement complained of. If said crossing had been installed by persons, other than by the defendant's agents or servants, it would have no doubt so stated. The familiarity of the engineer with the crossing was expressly stated in the answers.

■ Although the court, when it allowed the filing of count 12, had "granted" the defendant's motion to exclude the plaintiff's evidence, yet, the proceedings were in fieri, and no doubt, if the court had been of opinion that the count was not subject to the demurrer, and that the evidence tended to support said count, the order on the motion to exclude would have been reversed and the case submitted to the jury.

This reference in the opinion, as clearly appears, was not to strengthen the ruling here on the demurrer, but to show that the ruling of the circuit court was not error without injury.

To state the proposition in other words, if evidence tending to support count 12 had been wholly absent, the ruling on the demurrer to said count, though error, would have been pronounced error without injury.

The holding in the instant case is not in conflict with Atlantic Coast Line R. Co. v. Carter, 214 Ala. 252, 107 So. 218, 219. In that case it was observed: "The pivotal question, then, is whether there rested up-

on defendant's engineer the duty to keep a lookout for persons using the crossing. *That duty was not imposed by reason of any inclusive contiguity of village, town, or city, as in the Glass Case* [(Glass v. R. Co.), 94 Ala. 581, 10 So. 215]. *There was no such contiguity."* Atlantic Coast Line R. Co. v. Carter, supra. (Italics supplied.)

Central of Georgia Ry. Co. v. Pope, 221 Ala. 145, 127 So. 835, was differentiated from the Carter Case by the "inclusive contiguity" of the town of Midway. See 221 Ala. 145, 127 So. 835, supra.

 Section 9952, Code 1923, is a "regulation of public safety" enacted by the Legislature in the exercise of the state's police power, and is applicable to all persons falling within the scope of its provisions including licensees.

The application for rehearing is overruled.

Overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.