151 So.2d 238

Vivian S. MELVIN

v.

FRANKLIN LIFE INSURANCE CO.

6 Div. 931.

Supreme Court of Alabama.

March 14, 1963.

Walker Norris, Birmingham, for appellant.

Cabaniss & Johnston, Drayton T. Scott and L. Vastine Stabler, Jr., Birmingham, for appellee.

SIMPSON, Justice.

Appeal from a judgment of involuntary non-suit taken by the plaintiff due to adverse rulings of the Circuit Court of Jefferson County overruling plaintiff's demurrer to defendant's pleas and sustaining defendant's demurrer to plaintiff's replications.

The complaint claimed $2,000.00 allegedly due appellant on an insurance policy insuring the life of her husband and issued by appellee. The proceeds of the policy were to be used to pay a mortgage on the insured's home in the event of his death. Suicide within two years of issuance of the policy was the defense, but this is not the issue here.

Subsequent to insured's death appellee issued a check to appellant and Jefferson Federal Savings and Loan Association (mortgagee) in the sum of $67.24, the amount of the yearly premium paid on the policy. Appellant endorsed the check returning it to Jefferson Federal Savings and Loan. The amount of the check was credited on the mortgage. On the reverse side of the check was a release which provided:

"RECEIPT, RELEASE and SUR-
RENDER

"Receipt is hereby acknowledged of the amount mentioned herein and for and in consideration thereof, the undersigned hereby release * * * and discharge * * * THE FRANKLIN LIFE INSURANCE COMPANY of all claims, disputed or undisputed of any nature or character whatsoever under Policy No. 1603534 and any supplemental agreement attached thereto. The undersigned do * * * further agree to surrender the Policy and any such supplemental agreements attached thereto."

Appellant signed that release.

In appellant's replications 3 and 5 a lack of consideration was set forth to appellee's pleas alleging a release. In appellant's argument two cases are cited to us, allegedly supportive of her argument that a release in writing is not binding where there is a lack of consideration. United Security Life Insurance Co. v. Clark, 40 Ala.App. 542, 115 So.2d 911; American Life Insurance Co. v. Williams, 234 Ala. 469, 175 So. 554, 112 A.L.R. 1215. These cases may not be construed as appellant contends. In the Clark case a written release was apparently not involved; only a mere surrender of a policy and receipt of a check for premiums paid. So that case could not be considered as controlling. And in the Williams case the court did not consider the effect of § 4, Title 9, Code of Ala. 1940, which provides:

"An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, *or in writing with or without a new consideration.*" (Emphasis added.)

Therefore, neither do we consider the Williams case as authority.

The more recent cases give full effect to the statute. In Grand Lodge Knights of Pythias of North America v. Williams, 245 Ala. 220, 16 So.2d 497, the court accepting the plain language of § 4, supra, noted that in every case where the court was cited to § 4, that section was given

import according to its express language. The common law rule respecting releases was held to be changed to a limited extent by the statute. Quoting from the opinion:

"The trial court held that their claims were not discharged by the release because of the insufficiency of a new consideration, * * *. In this conclusion we do not agree, but think that the releases were valid under section 4, Title 9, Code of 1940, then in effect, though there was no new consideration as that term has been construed as applied to an accord and satisfaction not in writing.

"We think that statute changed the rule to a limited extent otherwise existing respecting the necessity of a new consideration to support a release and settlement of a matured and undisputed claim."

In Homewood Dairy Products Co. v. Robinson, 254 Ala. 197, 48 So.2d 28, 22 A.L.R.2d 1059, § 4 was applied to a release on a check given for the payment of milk, using the rationale of the Grand Lodge Knights of Pythias decision, supra. Again the cases, where the court was not cited to § 4, were distinguished on that ground and not relied upon by the court.

Finally in Mitchell v. Cobb, 270 Ala. 346, 118 So.2d 918, an action to have a release from a mortgage and satisfaction on the face thereof cancelled in equity, the court said:

"There is no doubt that where an obligation is extinguished by a release therefrom given to the debtor by the creditor which is in writing, no consideration is needed to uphold the release." (Citing cases.)

The court goes further stating that § 4, Title 9, supra, is to be construed in pari materia with § 381, Title 7, Code of Ala. 1940, which provides, inter alia:

"All * * * releases, and discharges in writing * * * must have effect according to the intention of the parties thereto."

The court reasoned that since § 381 makes no reference to a consideration for a release that § 381 does not alter the meaning of § 4, and allows a release in writing to constitute a complete discharge irrespective of the consideration therefor.

It being clear that a release in writing may not be attacked for a lack of consideration alone, the demurrer of appellee to appellant's replications aptly raising this point was correctly sustained by the lower court.

Appellant alleged facts which she claimed constituted fraud in the procurement of the release. The trial court sustained appellee's demurrer to the replication. This action of the trial court was assigned generally as error on this appeal, but was not substantially argued. Therefore, we deem that this alleged error was waived. Supreme Court Rule 9, Rules of Practice, Title 7, Code of Ala. 1940, as Amended, and annotations thereto.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.