152 So.2d 424

**COOPER TRANSFER COMPANY, Inc.,**

v.

**ALABAMA PUBLIC SERVICE COMMISSION.**

1 Div. 88.

Supreme Court of Alabama.

April 11, 1963.

Markstein & Cain, Birmingham, and Holberg, Tully & Hodnette, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., Jas. T. Hardin, Asst. Atty. Gen., and Wm. F. Black, Montgomery, of counsel, for appellee.

HARWOOD, Justice.

The Alabama Public Service Commission has heretofore issued a Certificate of Convenience and Necessity to this appellant, Cooper Transfer Company, Inc.

The above certificate contains certain restrictions upon the appellant's transportation operations, among such restrictions being:

"No service to points located on Alabama Highway 5, or points west of Highway 5."

The Alabama Public Service Commission notified the appellant to cease and desist servicing Courtaulds, Inc., a large manufacturing concern, on the basis that Courtaulds was located on Highway 5. The appellant refused to cease such service, contending that Courtaulds was not located on Highway 5.

The Commission thereafter petitioned the Circuit Court of Mobile County to enjoin the appellant from servicing Courtaulds on the basis that Courtaulds was "on" Highway 5, within the terms of the certificate.

After a hearing, the court issued an order granting the petition, and enjoined the appellant from servicing Courtaulds, the court finding that Courtaulds was in fact located on Highway 5. This appeal is from that decree.

■ The evidence presented below tends to show that Courtaulds owns a tract of land in Mobile County to the east of, but bounded on the west for a considerable distance, by Highway 5. About 1200 feet east from Highway 5, the Southern Railway right-of-way crosses the Courtaulds property, parallel with Highway 5.

In 1950, Courtaulds began the erection of what is referred to in the record as an industrial complex. At the same time it built an access road, some half mile in length from this industrial complex to Highway 5. Difficulty was encountered in gaining permission to cross the railway right-of-way, the railroad being reluctant to permit a private road to cross its right-of-way. In this situation, the Board of County Commissioners of Mobile County designated the access road as a county road, and agreed to maintain it from Highway 5 to the eastern line of the railroad right-of-way, that is, across the right-of-way. This is a distance of about a quarter of a mile. In this connection the evidence shows that while the county has done some maintenance on this portion of the access road, Courtaulds has also spent considerable sums on maintaining the access road for its entire length.

At the intersection of Highway 5 and the access road there is a sign that says "Courtaulds."

The evidence further shows that subsequent to the date of the issuance of the Certificate of Convenience and Necessity, Courtaulds has constructed an administrative building on that portion of its property lying between Highway 5 and the railroad right-of-way.

The appellant, Cooper Transfer Co., Inc., contends that the lower court erred in that Courtaulds is not "on" Highway 5, but is "off" said Highway 5, and "to the east" and must be deemed to be "on" the county road rather than the Highway.

In Hinton, et al. v. Vinson, 180 N.C. 393, 104 S.E. 897, the North Carolina Court said the word "on" has an inexhaustible variety of meanings. The precise import of such words as "on," "near," "at," and "along," are relative terms and the precise import of such words when used as descriptive of a place or location can only be determined by the surrounding facts and circumstances.

In Cyclopedic Law Dictionary, 3rd Ed., Callaghan & Co., it is said that "on" when used as indicating relative situation or position means at, near, or adjacent to, without implying contact or support.

The county road runs only from Highway 5 to the industrial complex erected by Courtaulds. It was originally constructed by Courtaulds, and it is clear from the evidence this road was designated as a county road largely as a matter of cooperation on the part of the Mobile County Board of Commissioners in order to facilitate the obtaining of the right to cross the railroad right-of-way. To a large extent

Courtaulds has maintained this county road for its entire length. Under these conditions, we think the lower court was justified in finding that the road from the plant to Highway 5 was actually nothing more than an access road even though designated a county road. Under the circumstances, we think it would be straining logic to say that Courtaulds was located on the county road rather than on Highway 5.

In view of this, we do not think that the location of the industrial complex of Courtaulds, about one-half mile off of Highway 5, necessitates a conclusion that the plant was on Highway 5, since the tract of land on which the industrial complex was constructed was bordered on the west by Highway 5.

■ The terms and conditions of a Certificate of Convenience and Necessity are to be determined by the conditions existing at the time of the issuance of the certificate. Towns Trucklines, Inc. v. Cotton State Express, Inc., 266 Ala. 131, 94 So.2d 402. Even so, we think that the evidence showing that Courtaulds has constructed an administrative building on that part of its tract of land lying between Highway 5 and the railroad right-of-way, was admissible and should be considered as shedding light upon the true nature of the location of the entire Courtaulds tract as being upon Highway 5.

Counsel for appellant rely heavily upon and argue that the cases of East Alabama Express Co., Inc. v. Baggett Transportation Co., 269 Ala. 375, 113 So.2d 495, and Cooper Transfer Co. v. Alabama Public Service Commission, 271 Ala. 673, 127 So.2d 632, support their argument that Courtaulds must be deemed to be located off of Highway 5.

We do not so construe these cases. In the East Alabama Express, Inc., case, supra, this court held that a Certificate of Convenience and Necessity authorizing transportation between certain cities did not authorize transportation to larger cities notwithstanding the fact that the larger city's boundary was contiguous with the boundary of the smaller city mentioned in the certificate, even though the carrier's route went through the police jurisdiction of the larger city. These facts are so different from the facts in the present case as to render the East Alabama Express, Inc., case, supra, inapplicable.

Cooper Transfer Company was the first to appeal in the present case, and reached this court merely on the pleadings, the lower court having overruled a demurrer to the complaint filed by the Alabama Public Service Commission. In reversing, rendering, and remanding the decree of the lower court in its ruling on the demurrer, this court wrote:

"The bill avers that the 'only access' to the plant, 'except by rail, is a county road, which runs' from Highway 5, across the railroad 'right of way to the physical plant' of the company. The distance from the highway to the plant is not shown. That distance might be 100 yards or 10 miles, for aught that appears in the bill. We do not think a plant located ten miles, or even one mile, from a highway and on a county road, is, as a matter of law, 'located on' that highway according to the ordinary meaning of the language used."

The complaint in the present proceedings describes in detail the premises and roads in question and the sufficiency of the complaint is not an issue on this appeal. For this reason the opinion on the first appeal, relating to the pleadings only, is in no wise determinative of this appeal which is on the merits.

■ Bearing in mind that a Certificate of Convenience and Necessity is a species of public franchise, which is ordinarily construed rather strictly against the recipient (Towns Truck Lines v. Cotton State Express, supra), it is our conclusion that the lower court, under all the evidence sub-

mitted, was fully justified in its conclusions, and its decree rendered pursuant thereto.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.