283 So.2d 168

Ruby Jo HOLLEY, as Adm'x of the Estate of Horace James Salser, Deceased

v.

SEABOARD AIR LINE RAILROAD COMPANY, a corp., et al.

SC 209.

Supreme Court of Alabama.

Sept. 20, 1973.

Wallace & Ellis, Columbiana, Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellant.

**512**

Cabaniss, Johnston, Gardner & Clark and Drayton T. Scott, and Fournier J. Gale, III, Birmingham, for Seaboard Air Line Railroad Co.

George S. Brown, Birmingham, for William C. Hatfield.

COLEMAN, Justice.

Plaintiff appeals from a judgment for defendants in action for wrongful death of plaintiff's intestate which allegedly resulted from the act of the defendant railroad in wrongfully maintaining "a barricade" in the vicinity of a place where the tracks of defendant railroad overpassed a public highway.

The action was brought against two defendants; namely, the defendant railroad and one Hatfield who was driving an automobile in which plaintiff's intestate was riding at the time of his injury. Trial was by a jury and judgment was rendered in favor of both defendants. Hatfield asserts in brief that none of the assignments of error is based on anything the trial court did with respect to Hatfield. In her reply brief, plaintiff says Hatfield should have the judgment affirmed as to him.

Plaintiff's complaint contained five counts. The court sustained demurrer to Counts 1 and 3. Plaintiff withdrew Count 4. The court overruled demurrer to Counts 2 and 5, and trial was on those two counts. Defendants pleaded the general issue in short by consent with leave, etc.

The record on appeal does not contain any evidence or the court's oral charge.

The action of the court in sustaining demurrer to Count 3 is the only error relied on by plaintiff. The substance of the facts and other matters alleged in Count 3 is as follows:

Plaintiff claims damages for that plaintiff's intestate was a passenger for hire in a vehicle over which he had no direction or control;

Hatfield was driving the vehicle over a public road at a point where defendant railroad maintains an overpass over said public road;

defendant railroad was under a duty to construct and maintain the approaches to said overpass crossing in a reasonably safe condition for use of the public approaching the overpass on said road;

defendant railroad knew that, prior to the day of the injury, members of the public traveling said road by automobile would unintentionally and frequently veer said automobiles off the traveled portion of said road where it curves and travel onto property owned by defendant railroad;

defendant railroad " . . . constructed

a barricade *along its property line* at a place where the property of the defendant Seaboard Air Line Railroad Company, a corporation abutted the property of the State of Alabama, on which said public road, Alabama Highway #25 was constructed, so as to prevent said automobiles from veering off said public road and onto the said property of the defendant, Seaboard Air Line Railroad Company, a corporation, at said curve along said approach, and plaintiff avers that" (Emphasis Supplied) the defendant railroad negligently breached its duty to maintain said approach in a reasonably safe condition for use of the general public in this that:

" . . . It negligently failed to build a barricade that would be reasonab*l*e safe for members of the general public to strike without the likelihood of death or great bodily injury . . .," but negligently built a barricade "designed and installed at such a place and in such a fashion and manner that it would reasonably totally wreck such automobiles and kill or inflict great bodily harm to occupants of such automobiles . . .";

said automobile in which plaintiff's intestate was riding did "negligently veer off said public road at said place," and as a proximate consequence of said combined and concurring negligence of defendants, plaintiff's intestate was injured to such an extent that he died.

Count 2 on which the case was tried is substantially the same as Count 3, except that instead of alleging that the barricade was constructed by defendant railroad "along its property line" as in Count 3, plaintiff alleges in Count 2 that defendant railroad constructed a steel guard rail "immediately South of the said easternmost edge of the paved portion of said highway and *on the right of way thereof*." (Emphasis Supplied)

██ The demurrer to the complaint filed by defendant railroad contains forty-five separate and several grounds. In her original brief, appellant says:

"Assuming for the purpose of argument that defendants' demurrers contained every conceivable ground available, a close look at Count Three, as amended, is in order. . . ."

Appellant does not, however, in her briefs, set out in its terms or substance any ground of demurrer.

After appellee, defendant railroad, had noted in brief that appellant had failed to mention any ground of demurrer assigned to Count 3, appellant says in reply brief that the respective grounds of demurrer (referring to them by number merely) were argued on certain pages of her original brief, but appellant does not set out or mention the substance of any ground of demurrer. A careful reading of appellant's briefs leaves us uninformed as to the substance of any one of the forty-five grounds of demurrer. Appellant argues at length with respect to the duty of a railroad to maintain a crossing, the duty of a defendant not to create a dangerous condition, and the duty of a landowner who creates artificial conditions on his land, but the argument is not directed to any of the grounds of demurrer. Authorities are cited, but no ground of demurrer is mentioned in connection with any of the cited authorities.

In Illinois Cent. R. Co. v. Posey, 212 Ala. 10, 101 So. 644, this court said:

"The defendant filed 14 pleas to these counts. Plea 1 was the general issue, and the court sustained demurrers of plaintiff to the other 13 pleas. These rulings of the court are assigned as errors. The appellant in his brief refers to these 13 rulings of the court, and these 13 assignments of error as follows:

" 'Assignments of error 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17. These assignments of error have to do with the court's action in sustaining plaintiff's demurrers to defendant's pleas, which demurrers are on pages 19 and 20 of the transcript, and pleas on pages 16, 17, and 18.

" 'In order not to unduly lengthen this brief, we will not fully argue these demurrers, but respectfully insist that the pleas setting up defendant's various defenses are well drawn, and in fact practically copied from decisions of this court, and that the demurrers should have been overruled.'

"These assignments of error must be treated as waived, because appellant failed to insist on them by argument. They were not elaborated in brief. What is written thereon above by appellant is not sufficient to require this court to discuss and analyze each of the 13 pleas to see if any one is sufficient under the demurrers. No argument is presented, and no authority is cited to show the court erred in any of the rulings. These assignments of error will be disregarded and not discussed. Ga. Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; Republic I. & S. Co. v. Quinton, 194 Ala. 126, 69 So. 604; W. U. T. Co. v. Benson, 159 Ala. 254, 48 So. 712." (212 Ala. at 12, 101 So. at 646)

In Saliba v. Lunsford, 268 Ala. 307, 309, 106 So.2d 176, 177, this court said:

"The assignment of error challenging the action of the trial court in sustaining demurrers to the original bill is not argued and hence will not be considered. Rickman v. Rickman, 266 Ala. 371, 96 So.2d 674; Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750."

In other opinions, this court has said:

". . . The trial court sustained appellee's demurrer to the replication. This action of the trial court was assigned generally as error on this appeal, but was not substantially argued. Therefore, we deem that this alleged error was waived. Supreme Court Rule 9, Rules of Practice, Title 7, Code of Ala. 1940, as Amended, and annotations thereto." Melvin v. Franklin Life Ins. Co., 274 Ala. 671, 673, 151 So.2d 238, 239.

"If any ground of a demurrer is well taken, the action of the trial court in sustaining the demurrer must be upheld. Prather v. Ray, 258 Ala. 106, 112, 61 So.2d 46; Ledbetter v. Frosty Morn Meats, 274 Ala. 491, 495, 150 So.2d 365.

"By assigning for error that the court erred in sustaining the demurrer to Count Two-B, plaintiffs assert and, therefore, assume the burden of showing that all grounds of demurrer are bad, or, in other words, that no ground is a good ground. To support this burden, plaintiffs must argue each and every ground and demonstrate that each is bad. . . ." Butler v. Olshan, 280 Ala. 181, 189, 191 So.2d 7, 15.

The Court of Civil Appeals recently said:

"The single assignment of error questions the trial court's ruling sustaining the demurrer.

". . .

". . . Appellant does not argue each and every ground of the demurrer that was filed against his complaint as required; in fact, appellant does not argue any ground of said demurrer. With the case being in this posture we have no alternative but to say that appellant waived his single assignment of error for the reason that he failed to argue each and every ground of the demurrer that was sustained as to his complaint." Freehling v. St. Paul and Marine Insurance Company, 49 Ala.App. 373, 272 So.2d 582, 583.

Under the authorities, supra, the judgment appealed from must be affirmed.

Application of other rules of review requires the same result. As already noted, plaintiff alleged in Count 2 that the barrier or guard rail was "on the right of way" of the public road. In Count 3 plaintiff alleged that the barrier was "along its property line." As we understand plaintiff's argument, she says that Count 3 shows that the barrier was on land owned by the defendant railroad and differs from Count 2 with respect to the place where the barrier is allegedly located.

If plaintiff intended to allege in Count 3 that the barrier was on the land of the de-

fendant railroad, plaintiff could easily have done so by using words to that effect. The word "along" is not exact or specific.

". . . The precise import of such words as 'on,' 'near,' 'at,' and 'along,' are relative terms and the precise import of such words when used as descriptive of a place or location can only be determined by the surrounding facts and circumstances." Cooper Transfer Co. v. Alabama Public Service Com'n, 275 Ala. 99, 100, 152 So.2d 424, 425.

The following quotation is from Black's Law Dictionary, Fourth Edition, 1951:

"ALONG. Lengthwise of, implying motion or at or near, distinguished from across. Nicolai v. Wisconsin Power & Light Co., 227 Wis. 83, 277 N.W. 674, 678. By, on, up to, or over, according to the subject-matter and context. State v. Downes, 79 N.H. 505, 112 A. 246; Sioux City Bridge Co. v. Miller, C.C.A.[8], 12 F.2d 41, 48. The term does not necessarily mean touching at all points; Com. v. Franklin, 133 Mass. 569; nor does it necessarily imply contact, Watts v. City of Winfield, 101 Kan. 470, 168 P. 319, 321."

If the barrier were on the highway right of way and extended in the direction of the property line, it could be said that the barrier was "along" the property line. If the barrier were on the land owned by defendant railroad and extended in the direction of the property line, it could also be said that the barrier was "along the property line." Whether on one side or the other, the barrier would be "along" the property line. As here used, the meaning of the word "along" is ambiguous with respect to location of the barrier; i. e., whether it is on the land of defendant railroad or on the highway right of way.

█ If Count 3 be construed to mean that the barrier was located on the highway right of way, then Count 3 makes the same case as Count 2, and error, if any, in sustaining demurrer to Count 3 would be harmless.

"In actions at law, it is established that sustaining a demurrer to a count or counts of a complaint is harmless where plaintiff has the benefit of the same matter under other counts. Bradley v. Louisville & N. R. R. Co., 149 Ala. 545, 547, 42 So. 818; cases cited in Ala.Digest, ⏀1040(4). . . ." J. H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443, 448, 449, 212 So.2d 831, 836.

█ If Count 3 be construed to mean that the barrier was located on the land of defendant railroad, other rules of review come into consideration.

Supreme Court Rule 45 requires that no judgment be reversed ". . . for error as to any matter of pleading . . ." unless in the opinion of the reviewing court, after an examination of the entire cause it should appear that the error complained of has probably injuriously affected substantial rights of the parties.

"An appellant has not only the burden of showing error but also of showing that he was probably prejudiced by the error. . . ." Mayben v. Travelers Indemnity Co., 273 Ala. 643, 644, 144 So.2d 52, 53.

This court has said:

". . . The agreement, so far as we are informed, having no connection whatever with the subject of the suit, we cannot presume the existence of facts or testimony, as to which the record is silent, and make it a ground of reversal. (Citations Omitted). Girard Fire Ins. Co. v. Boulden, Ala., 11 So. 773, 774.

This court has held that if it was error to sustain a demurrer to a count in a complaint, the error was harmless where, under the evidence, there could have been no recovery under the count to which demurrer was sustained. In an action by plaintiff to recover salary allegedly due him as a recorder of the City of Birmingham during a period of time after the city governing body had taken action purporting to

abolish the office formerly held by plaintiff, this court, in considering the action of the trial court in sustaining demurrer to one count of the complaint, said:

"If there was error in sustaining the demurrer to count 2 of the complaint, it was harmless, for this reason: The count averred that appellant discharged the duties of his office, and we may assume in his favor, since the demurrer took no point against the averment, that this was the equivalent of an allegation that he discharged the duties of the office during some or all the time for which he claimed compensation. But it appears from the bill of exceptions, which is before us, and which purports to contain all the evidence adduced upon the trial, that the concurring testimony offered by the parties was to the uncontradicted effect that appellant had not during the time covered by his claim performed any of the duties of the office. Appellant proved the fact in the effort to sustain the averments of count 3. For purposes of its own appellee supplemented the proof of the same fact. It cannot be supposed that the evidence on this point would have been to the contrary had the demurrer to count 2 been ruled differently. So, then, had the demurrer not been sustained, as matter of law, appellant could not have recovered on the second count. If there was error, it was harmless, and not reversible." Wilkinson v. City of Birmingham, 193 Ala. 139, 147, 148, 68 So. 999, 1002.

In reviewing an appeal in action against the operator of a restaurant for serving plaintiff a centipede with his food, this court, with respect to a ruling sustaining demurrer to two counts of the complaint, said:

"The court sustained a demurrer to original counts 1 and 2. In these counts plaintiff complained that defendant served a tarantula in his gravy. The evidence offered on behalf of plaintiff was without contradiction to the effect the thing was not a tarantula. Error, if any, in the court's rulings on these counts is now immaterial." Franklin v. Argyro, 211 Ala. 506, 507, 100 So. 811, 812.

In Coker v. Louisville & N. R. Co., 245 Ala. 545, 18 So.2d 84, this court said:

"The ruling sustaining the demurrers to count E which charged willful or wanton injury was rendered innocuous by the evidence, no phase of which, in any respect, tended to support the charge made in said count, and no evidence offered and excluded would have had any such tendency. Going v. Alabama Steel & Wire Co., 141 Ala. 537, 37 So. 784." (245 Ala. at 548, 18 So.2d at 85)

In Sharpe v. Western Ry. of Alabama, 234 Ala. 507, 175 So. 542, this court held that defendant's demurrer to Count 12 was erroneously sustained and for that error the judgment was reversed. On rehearing, appellee argued that a certain statement should be stricken from the opinion. The opinion was extended on rehearing. This court, to explain the reason for making the statement which appellee sought to have stricken, said:

"This reference in the opinion, as clearly appears, was not to strengthen the ruling here on the demurrer, but to show that the ruling of the circuit court was not error without injury.

"To state the proposition in other words, *if evidence tending to support count 12 had been wholly absent, the ruling on the demurrer to said count, though error, would have been pronounced error without injury.*" (Emphasis Supplied) (234 Ala. at 511, 175 So. at 545)

The underscored portion of the last quotation states the rule applicable here. If there was no evidence to support Count 3, sustaining demurrer to Count 3 was error without injury.

As already stated, there is no evidence before us to support Count 3 or anything

else. In order to reverse for sustaining demurrer to Count 3, we would be forced to presume that there was evidence to support Count 3.

As already stated, this court cannot presume the existence of facts or testimony as to which the record is silent and make it a ground for reversal.

If sustaining the demurrer to Count 3 was error, it was harmless on the record before us and the judgment appealed from is due to be affirmed.

Affirmed.

McCALL, J., concurs.

HEFLIN, C. J., and BLOODWORTH, and JONES, JJ., concur in result.