This case concerns post-judgment proceedings to enforce an original divorce judgment.
Outside of the pleadings relative to taking this appeal, the entire record filed in this court consists of the following:
1. The former wife's motion to modify. It contained averments that the divorce judgment directed the husband to pay and be responsible for all of the bills which were outstanding at the time of the separation of the parties. She also averred that the husband had gone into bankruptcy, that the creditors were threatening to sue her and that the support payments need to be increased to enable her to pay such bills which the husband was directed to pay. She also sought to place him in contempt of court and she prayed for general relief.
2. The husband's answer which stated that his employment had been terminated and that he had no current income but was seeking a job in order to meet the court ordered obligations.
3. A judgment. After a hearing at which the husband and his attorney were in attendance, a judgment was entered by the trial court which therein rendered four separate judgments in favor of the wife and against the husband for money paid by her to four separate creditors which should have been paid by the husband. It reaffirmed all other aspects of the original divorce judgment. The trial court also adjudged the husband to be in contempt of court. Attorneys' fees were awarded to the wife.
4. The husband's motion to reconsider the rendition of the four judgments on the sole ground that those debts had been discharged by reason of his bankruptcy.
5. An order of submission of the husband's motion.
6. A court order overruling the husband's motion to reconsider.
The husband has appealed and here argues error in overruling his motion to reconsider.
If the debts were of such a character, kind or nature that the ordered payment thereof by the husband constituted either alimony or child support, his liability to the wife therefor was non-dischargeable; but, on the other hand, if such was in actuality a property settlement, then that liability of *Page 601 
the husband to the wife was dischargeable in bankruptcy.Collier on Bankruptcy, § 523.15 [1, 2 and 3], pp. 107 through 111 (15th ed. 1982). The record does not disclose the nature of any of the debts except that the judgment (number 3 above) described one of them as being "medical bills."
We are informed by brief, but not otherwise, that the original divorce judgment approved an agreement of the parties. Neither the agreement nor the judgment is included in the record. None of the evidence is before us. In short, the record discloses nothing which we may construe in order to determine whether the assumption of the marriage debts was alimony and/or child support or whether that portion of the divorce judgment was a property settlement. In the absence of the agreement, of the judgment creating the liability and of the evidence explaining it, we must presume that the agreement, the divorce judgment and the evidence, one or all, were sufficient to support the action of the trial court in overruling the husband's motion to reconsider. Dial v. Graves, 351 So.2d 598
(Ala.Civ.App. 1977); 2A Ala. Digest, Appeal Error, Key 907 (2) and (5). The status of the record in this case is such that we have nothing from which we can ascertain whether the trial court was correct or incorrect in its ruling, and, that being so, we must affirm, for we are not authorized to guess a trial court into error. Holley v. Seaboard Air Line Railroad Co.,291 Ala. 510, 517, 283 So.2d 168, 173 (1973).
Additionally, as a matter of procedure, the trial court did not err in overruling the husband's motion to reconsider on the ground of his discharge in bankruptcy. A bankruptcy discharge is an affirmative defense which, as a general rule, is waived if it is not timely pleaded. Robinson v. Morse, 352 So.2d 1355
(Ala. 1977); Rule 8, A.R.Civ.P. While there are exceptions to that general rule of waiver which are mentioned in the Robinson
case, the record does not reveal that any of the exceptions are here applicable. The record only indicates an attempt by the husband to obtain a reconsideration of a judgment which motion was based upon a ground, a discharge in bankruptcy, which was not previously pleaded or otherwise properly raised in any manner as an issue. No reason was averred as to why that affirmative defense was not filed, or otherwise aptly raised, at the proper time. The trial court properly overruled that motion and we must affirm. The trial court did not abuse any discretion in not granting the husband's motion.
We overrule the wife's motion to dismiss this appeal in view of the above.
The appellee is hereby awarded the sum of $300 from the appellant as an attorney's fee upon this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.