This is a divorce case. The husband has appealed.
The wife filed her divorce complaint in the Birmingham Division of the Circuit Court of Jefferson County and, on the same date, she filed a motion for a temporary restraining order to prohibit the husband from disposing of, withdrawing, or secreting any of the assets of the parties. The wife averred that she had learned that the husband had placed certain of their cash assets in joint accounts with his sister and mother and that he had attempted to hide those funds from her. The wife verified the information contained in the motion as being true and correct and further filed her verified affidavit concerning such facts, and therein she outlined her fears as to his secreting or otherwise disposing of their accumulated marital assets. The attorney for the wife certified to the court upon the motion that counsel had made no effort to serve the husband and that notice should not be required due to the fact that between the time of service and a hearing on the matter the wife would suffer irreparable harm and injury due to the husband's actions. The Birmingham court issued the restraining order on April 19, 1984 without prior notice to the husband, who, on April 26, 1984, filed his motion to quash it. On the same date he also filed a motion to transfer the case to the Bessemer Division of the Circuit Court of Jefferson County. On May 2, 1984 the case was transferred to the Bessemer Division. The Bessemer court, on May 18, 1984, denied the husband's motion to quash. The husband presently argues that the trial court erred in overruling his motion since the wife's application for a temporary restraining order was defective in its verification and since the court in which it was initially filed did not have proper venue. *Page 127 
Any defect in verification was not raised in the husband's motion to quash. Since the record does not indicate that the trial court ruled upon that contention, we have no adverse ruling thereon to review. Rountree v. Sanders, 413 So.2d 1159
(Ala.Civ.App. 1982). In any event, we find no fatal defect in verification.
As to the venue matter, when the case was transferred the Birmingham court had already issued the temporary restraining order and the husband had filed his motion to quash it. The transfer did not eliminate either the temporary restraining order or the motion to quash. The Bessemer court had the authority to rule upon the husband's pending motion to quash.
The husband also raises an issue about a different temporary restraining order that was not issued until after the final judgment. As far as the record on appeal shows, that order was never attacked by the husband in the trial court in any manner. No citation of authority is made in his appellate brief in support of argument pertaining thereto. Consequently, we will not consider that issue. Shory v. Peavy, 431 So.2d 1319
(Ala.Civ.App. 1983).
Lastly, the husband contends that, after an ore tenus trial, the Bessemer court erred in the divorce judgment by awarding the custody of the minor child of the parties to the wife. He further argues that the division of the assets of the parties in the final judgment was highly inequitable to the husband. Both of those matters are in the identical posture as was the one issue in Roberts v. Roberts, 424 So.2d 644 (Ala.Civ.App. 1982), where the following was stated:
 "No court reporter's transcript is contained in the record. Neither is there embodied therein a statement of the evidence or an agreed statement of the case as authorized by A.R.A.P. rules 10 (d) and (e). Therefore, nothing is included in the record furnished to us as to any of the oral evidence which was presented by the witnesses before the trial court. However, the husband's brief contains a purported summary of the testimony, but it cannot be here considered since an appellate court is not authorized to regard or recognize factual matters outside of the record itself. The record cannot be factually enlarged, changed, altered or varied upon appeal by statements appearing in briefs of counsel, but the record on appeal must disclose the facts upon which the alleged error is founded before such an error may be considered. Green v. Standard Fire Insurance Company of Alabama, 398 So.2d 671 (Ala. 1981); Daniels v. Bona Fada Federated Club 1979-80 Members, 403 So.2d 255 (Ala.Civ.App. 1981). Accordingly, none of the oral evidence which was put forth at the trial is before this court and we have no testimony which we may lawfully review in order to determine the factual questions of whether the trial court was palpably wrong in its division of the property of the parties. Under these circumstances, we are required to conclusively presume that the trial testimony supported the findings and the judgment of the trial court. Blase v. Blase, 419 So.2d 599 (Ala.Civ.App. 1982); James v. Mobile Travelodge, 417 So.2d 205 (Ala.Civ.App. 1982); Floyd v. State Department of Industrial Relations, 400 So.2d 409 (Ala.Civ.App. 1981)."
Roberts, supra, at 645.
This case is affirmed.
The wife has applied for an attorney's fee upon appeal. The husband shall pay to the wife's counsel the sum of $500 therefor.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 525