WRIGHT, Presiding Judge.
This is a child custody case.
In November 1984, Rosie Jones filed a petition in the Family Court of Jefferson County, alleging that Trina Lanette Sanford, a minor, was dependent in that her mother, Annie Mae Sanford, had died on November 9, 1984, leaving the child’s custody undetermined. Rosie is the child’s maternal grandmother. The petition named Charles M. Sanford, a Virginia resident, as the father. Temporary custody of Trina, pending a final determination, was awarded to the grandmother.
After an ore tenus hearing, at which the alleged father was present, the trial court awarded legal custody to the grandmother. The alleged father was given visitation privileges.
On appeal, the alleged father contends that the trial court erred in awarding custody to the grandmother, a nonparent, rather than to him, the child’s natural father. He relies upon the rule that a natural parent has a prima facie right to the custody of his child, as against a nonparent. See Ex parte Mathews, 428 So.2d 58 (Ala.1983).
In passing, we note that the record is unclear as to whether or not Mr. Sanford is actually the child’s natural father. At the time of Trina’s birth, Annie was unmarried. The birth certificate did not name Mr. Sanford as the father. There is no evidence in the record that indicates whether the actual paternity of the child has ever been established. However, such a determination is not necessary to our decision.
While it is true that a presumption exists that the best interest of the child will be served by placing custody in the natural parent, Syphrit v. Turner, 446 So.2d 626 (Ala.Civ.App.1983), this presumption is not irrebuttable. It may be overcome by clear and convincing evidence that a custody award to the parent is contrary to the child’s best interest. Lewis v. State Department of Pensions and Securities, 426 So.2d 862 (Ala.Civ.App.1983). For example, where the parent seeking custody is guilty of misconduct or neglect to such a degree as to render that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question, the presumption is rebutted. Matthews, supra. Further, this presumption does not apply after a voluntary forfeiture of custody by the parent or where a prior decree has removed custody from the natural parent. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
When a trial court’s judgment is entered after an ore tenus hearing, it is presumed *735 correct. It cannot be reversed unless it is so palpably wrong as to amount to an abuse of discretion. Davis v. Davis, 451 So.2d 316 (Ala.Civ.App.1984). The judgment must be affirmed if supported by competent evidence. Id.
In this case, the transcript of the proceedings below, which has been included in the record on appeal, is incomplete. Apparently, the recording system used by the trial court malfunctioned. Because of this incomplete transcript, we have no way of determining what transpired during much of the hearing. Therefore, we must presume that the testimony, of which we have no record, fully supported the trial court’s award of custody to the grandmother. See Jones v. Jones, 464 So.2d 125 (Ala.Civ.App.1985); Roberts v. Roberts, 424 So.2d 644 (Ala.Civ.App.1982). We cannot say that the trial judge abused his discretion.
The trial court’s judgment in this case is due to be, and hereby is, affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.