BEATTY, Justice
(dissenting).
I must respectfully dissent from the majority’s conclusion that the issue of improper venue was timely raised in the Mobile Circuit Court.
Contrary to the majority’s statement that “[Sutton’s] first filing in circuit court was a motion to transfer, along with a motion to dismiss and a motion for summary judgment, filed on February 13, 1986,” it appears that Sutton actually filed two separate filings on February 13. In one, he moved both for dismissal and for summary judgment. He did not join an objection to venue with the motions for dismissal and for summary judgment. Instead, in a separate filing, he moved to have the cause transferred because of improper venue. It is impossible to determine from the record which of these filings came first. Under this state of facts, the holding by the trial court (and the Court of Civil Appeals) that the motion to transfer was untimely must be affirmed for at least two reasons.
First, because it is unclear which of these motions was filed first, we must presume that the motion to transfer was filed after the motion for dismissal and for summary judgment. See Dendy v. Eagle Motor Lines, Inc., 292 Ala. 99, 289 So.2d 603 (1974) (where the record is incomplete, the Supreme Court may not presume an abuse of discretion by the trial court); Holley v. Seaboard Air Line Railroad Co., 291 Ala. 510, 283 So.2d 168 (1973) (Supreme Court cannot presume the existence of facts as to which the record is silent and make them a ground for reversal). See generally, Ala. Digest, Appeal & Error, Key Nos. 907(1) to (5) (1982). Having failed to object to improper venue in his first motion, Sutton’s objection by motion made thereafter came too late. Rule 12(g) and 12(h)(1), A.R. Civ.P.; see also Den-Tal-Eze Manufacturing Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980).
Second, regardless of whether these motions were actually filed together or not, it is clear that Sutton’s objection to improper venue was waived. Rule 12(g) requires that the party who uses the optional motion procedure of Rule 12(b), as Sutton did by filing his motion for dismissal and for summary judgment, join all preliminary objections enumerated in Rule 12 at the penalty of waiver as to any such objections not joined in the motion and then available to him. Because no objection to improper venue was joined with the motion for dismissal and for summary judgment, the objection was waived.
I would affirm the judgment of the Court of Civil Appeals.
MADDOX, J., concurs.